**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | |
| *Plaintiff*, | Civil Action No. 2:21-cv-00034-JRG |
| **v.** | **JURY TRIAL DEMANDED** |
| **T-MOBILE US, INC., T-MOBILE USA, INC., NOKIA CORPORATION, and NOKIA OF AMERICA CORPORATION,** | |
| *Defendant*. | |

### NOKIA OF AMERICA CORPORATION'S RULE 12(b)(6)
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    LEGAL STANDARDS ......................................................................................... 3

    A.      Rule 12(b)(6) ............................................................................................... 3

    B.      Induced Infringement .................................................................................. 3

    C.      Contributory Infringement .......................................................................... 4

    D.      Willfulness .................................................................................................. 4

IV.     ARGUMENT ........................................................................................................ 5

    A.      Induced Infringement .................................................................................. 5

        i.      Barkan fails to allege pre-suit knowledge of the Asserted Patents ............ 5

        ii.     Barkan fails to adequately plead knowledge of inducement and specific intent ............................................................................................. 6

    B.      Contributory Infringement .......................................................................... 8

    C.      Willful Infringement ................................................................................... 9

V.      CONCLUSION ................................................................................................... 10

CERTIFICATE OF SERVICE ....................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. 13-cv-365, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014) .............................7

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964)........................................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................3, 5, 9

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 18-cv-00300-JRG, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 11, 2018) .................9

*Commil USA, LLC v. Cisco Sys.*,
135 S. Ct. 1920 (2015)......................................................................................................8

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)......................................................................................3, 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)........................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................................................................................3, 4, 7

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 75058 (E.D. Tex. Apr. 12,
2019) ..........................................................................................................................4, 6, 9

*Kirsch Res. & Dev., LLC v. Atlas Roofing Corp.*,
No. 5:20-cv-00055-RWS, 2020 U.S. Dist. LEXIS 248825 (E.D. Tex. Sept. 29, 2020)...........8

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)......................................................................................4

*Monec Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012)................................................................................7

*Noned Inventions, N.V. v. Apple, Inc., et al.*,
No. 2:15-cv-466-JRG-RSP, 2016 U.S. Dist. LEXIS 42246 (E.D. Tex. Mar. 11, 2016) ..........5

ii

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1986)............................................................................1, 5

*Stragent, LLC v. BMW of N. Am., LLC*,
   No. 6:16-cv-446-RWS-KNM, 2017 U.S. Dist. LEXIS 156084, (E.D. Tex. Mar. 3,
   2017), *report and recommendation adopted and motion denied as moot*, 2017 U.S.
   Dist. LEXIS 156076 (Mar. 27, 2017) .......................................................................7

**RULES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure...............................................1, 3

**STATUTES**

35 U.S.C. § 271.........................................................................................................2, 4

Defendant Nokia of America Corporation ("NAC") hereby respectfully moves the Court to dismiss Plaintiff Barkan Wireless IP Holdings, L.P.'s ("Barkan") claims for indirect and willful infringement for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

Barkan's First Amended Complaint (the "Amended Complaint," Dkt. No. 16) falls well below the *Iqbal/Twombly* pleading standard as it contains no support for its barebones assertion that NAC indirectly and willfully infringes U.S. Patent Nos. 8,014,284 (the "'284 Patent"); 8,559,312 (the "'312 Patent"); and 9,392,638 (the "'638 Patent") (collectively, the "Asserted Patents"). Significantly, two of the three Asserted Patents (the '312 Patent and the '638 Patent, collectively the "Expired Patents") had expired by the time Barkan filed its Complaint (Dkt. No. 1). Barkan's Amended Complaint makes no allegations whatsoever that NAC had pre-suit knowledge of the Expired Patents, as required to support its indirect and willful infringement claims. Further, Barkan's only allegation of pre-suit knowledge as to the unexpired '284 Patent is that a Nokia entity cited the application leading to the '284 Patent during the prosecution of an unrelated patent. (Dkt. No. 16 at ¶ 69). This allegation, however, is insufficient to support a finding of pre-suit knowledge as a matter of law. *See, e.g.*, *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1986) (holding that knowledge of a patent application alone cannot support knowledge for a finding of willful infringement). Because the Amended Complaint does not plausibly allege pre-suit knowledge, Barkan's indirect and willful infringement claims should be dismissed.

Further, the Amended Complaint does not support a plausible claim for indirect infringement because Barkan fails to provide evidence to support: (1) knowledge of inducement or specific intent to induce infringement (for induced infringement); and (2) its allegation that the

1

Accused Products have no substantial non-infringing uses or that they are known by NAC "to be especially made or especially adapted for use in an infringement of such patent" (for contributory infringement). Instead, Barkan relies on nothing more than legal conclusions and bare recitations of the elements of those claims. Barkan's indirect infringement claims should thus be dismissed for these additional, and separate, reasons.

## II.  FACTUAL BACKGROUND

On February 2, 2021, Barkan filed its Complaint alleging that T-Mobile US, Inc. and T-Mobile USA, Inc. directly and indirectly infringe the Asserted Patents. (Dkt. No. 1). On February 4, 2021, Barkan filed its Amended Complaint adding NAC and Nokia Corporation[1] as parties to the suit. (Dkt. No. 16).

In its Amended Complaint, Barkan alleges NAC induced infringement of the '284 Patent without providing any supporting detail whatsoever. (Dkt. No. 16 at ¶ 60). For the Expired Patents, Barkan makes the barebones allegation that NAC indirectly infringes "by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement." (*Id*. at ¶¶ 49, 56). Additionally, for the expired '312 Patent only, Barkan states that "Defendants direct their customers how to install the Accused Products, including connecting it to, for example, the Internet; connecting the power supply; and connecting a GPS antenna for determining the Accused Product's physical location." (*Id*. at ¶ 50).

For contributory infringement, Barkan merely alleges that NAC contributorily infringes all of the Asserted Patents because the "[d]efendants are aware that components of the Accused Products are a material and substantial part of the invention claimed by the [Asserted Patents], and

---

[1] This motion to dismiss is filed on behalf of Nokia of America Corporation only.

that they are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses." (*Id*. at ¶¶ 51, 57, 62).

Finally, in support of its willfulness claims, Barkan alleges only that "Nokia" was aware of the '284 Patent because Nokia Corporation, a related entity to NAC, is the assignee of an application citing as prior art the application that resulted in the '284 Patent. (*Id*. at ¶ 69). The Amended Complaint includes no allegations of knowledge whatsoever about either of the Expired Patents.

## III.   LEGAL STANDARDS

### A.      Rule 12(b)(6)

Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations must include "enough factual matter" that, when taken as true, "state a claim to relief that is plausible on its face." *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" the complaint fails to sufficiently plead "that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide. *See Id*. at 678.

### B.      Induced Infringement

To properly plead a claim of induced infringement, a complaint must plead facts plausibly showing that the defendant (1) specifically intended a third party to infringe the plaintiff's patent and (2) knew that the third party's acts constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS*

3

*Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). "Inducement [also] requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

### C.    Contributory Infringement

For an allegation of contributory infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that

> [(1)] a [defendant] sells or offers to sell, a material or apparatus for use in practicing a patented process, [(2)] and that "material or apparatus" is material to practicing the invention, [(3)] has no substantial non-infringing uses, and [(4)] is known by the party "to be especially made or especially adapted for use in an infringement of such patent."

*In re Bill of Lading*, 681 F.3d at 1337 (citing 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id*. Further, a plaintiff must plead facts that allow an inference that the defendant knew that the component it sells was "especially made or especially adapted for use in an infringement of [an asserted] patent." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (citing 35 U.S.C. § 271(c)).

### D.    Willfulness

A claim for willful infringement must allege that infringement was "intentional or knowing." *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). "To have a finding of willful infringement, a patent must exist, and the infringing party must have knowledge of the patent." *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 75058, at *4-5 (E.D. Tex. Apr. 12, 2019).

4

## IV.    ARGUMENT

### A.    Induced Infringement

Barkan's induced infringement claims fail to meet even the most basic pleading requirements. To adequately plead a claim of induced infringement, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, Barkan provides either no support or insufficient support for its threadbare allegations that NAC: (1) knew about the Asserted Patents prior to Barkan's filing of this lawsuit; and (2) had the specific knowledge and intent required for induced infringement. Instead, Barkan relies upon vague generalities, boilerplate language, and legal conclusions, which are insufficient to establish a claim for induced infringement. Accordingly, Barkan's claims of induced infringement should be dismissed.

### i.    *Barkan fails to allege pre-suit knowledge of the Asserted Patents*

Barkan has not adequately pled that NAC knew of the Asserted Patents before Barkan filed suit. Barkan's only allegation regarding knowledge[2] of any of the Asserted Patents is that Nokia Corporation was aware of the '284 Patent because Nokia Corporation is the assignee of an application that cites as prior art the application that resulted in the '284 Patent. (Dkt. No. 16 at ¶ 69). This allegation, however, is insufficient as a matter of law to sustain a claim of pre-suit knowledge of the issued patent. Indeed, the Federal Circuit has specifically held that knowledge of a patent application, in and of itself (as Barkan alleges), does not equate to an allegation of knowledge as to the issued patent, and is therefore insufficient. *See, e.g.*, *Noned Inventions, N.V. v. Apple, Inc., et al.*, No. 2:15-cv-466-JRG-RSP, 2016 U.S. Dist. LEXIS 42246, at *7-8 (E.D. Tex. Mar. 11, 2016) (citing *State Indus.*, 751 F.2d at 1236  for the holding that "knowledge of a patent

---

[2] This allegation is contained in Barkan's section of the Complaint regarding willfulness. (Dkt. No. 16 at ¶ 69).

application alone cannot support a finding of willful infringement"). Tellingly, Barkan fails to allege that any Nokia entity was aware of the '284 Patent itself.

Barkan provides even less for the Expired Patents. For these patents, Barkan provides **no** allegations whatsoever of pre-suit knowledge, even though these patents had expired by the time that the Complaint was filed. Even if Barkan had adequately alleged knowledge of the '284 Patent (which it did not), Barkan's allegation of knowledge of a patent related[3] to the Expired Patents falls far short of pleading knowledge of the Expired Patents themselves. *See, e.g.*, *Intellectual Ventures*, 2019 U.S. Dist. LEXIS 75058, at *8 (stating, on a motion for summary judgment, that "simply pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient" to sustain a claim for willfulness). Barkan's induced infringement claims should thus be dismissed for failure to adequately plead pre-suit knowledge of any of the Asserted Patents.

> ii. *Barkan fails to adequately plead knowledge of inducement and specific intent*

For knowledge of inducement and specific intent, Barkan alleges only: (1) a recitation of the elements of this claim; and (2) with respect to the '312 Patent only, that "Defendants direct their customers how to install the Accused Products, including connecting it to, for example, the Internet; connecting the power supply; and connecting a GPS antenna for determining the Accused Product's physical location," citing to a "Quick Start Guide." (Dkt. No. 16 at ¶ 50).

This threadbare allegation is insufficient to support the requisite knowledge and intent for several reasons. First, Barkan's allegation relates only to the '312 Patent; Barkan makes no such

---

[3] The application leading to the '312 Patent is a continuation of the application leading to the '284 Patent. The application leading to the '638 Patent is a continuation of the application leading to the '312 Patent.

allegation related to either the '284 Patent or the '638 Patent. Second, Barkan fails to allege how the "Quick Start Guide" purportedly demonstrates that, for example: (1) NAC instructs and encourages third-parties; (2) NAC has knowledge that its customers would commit infringement; or (3) that NAC specifically intended to induce infringement. *See, e.g., Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 U.S. Dist. LEXIS 156084, at *22-26 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted and motion denied as moot*, 2017 U.S. Dist. LEXIS 156076 (Mar. 27, 2017) ("Generic allegations that [defendants] provide instructional materials along with accused products, without more, are insufficient to create a reasonable inference of specific intent for purposes of an induced infringement claim." (internal quotes omitted)) (citing cases); *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.,* No. 13-cv-365, 2014 U.S. Dist. LEXIS 90379, at *19-21 (W.D. Tex. May 12, 2014) ("Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe . . . [its] generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are likewise insufficient.") (citing to *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012)). Because Barkan's citation to the Quick Start Guide fails to show that NAC "specifically intended a third party to infringe the plaintiff's patent and [] knew that the third party's acts constituted infringement," Barkan's claims of induced infringement should be dismissed. *See In re Bill of Lading*, 681 F.3d at 1339.

Finally, even if Barkan's allegations regarding the Quick Start Guide were substantively sufficient to plausibly state a claim for induced infringement as to the '312 Patent, Barkan does not allege that the Quick Start Guide was available prior to the expiration of the '312 or '638 Patents or that NAC's alleged inducement occurred pre-suit. *See* Dkt. 16 at ¶¶ 49, 56 (alleging that NAC induces infringement "by at least manufacturing, supplying, distributing, selling and/or offering for

7

sale the Accused Products" and that NAC "direct[s] [its] customers how to install the Accused Products"). Barkan's failure to allege past inducement for the Expired Patents is yet another basis to dismiss Barkan's induced infringement claims as to those patents. *See, e.g.*, *Kirsch Res. & Dev., LLC v. Atlas Roofing Corp.*, No. 5:20-cv-00055-RWS, 2020 U.S. Dist. LEXIS 248825, at *12 (E.D. Tex. Sept. 29, 2020) (dismissing induced infringement claim on expired patent, stating "[w]hile the allegations imply ongoing conduct that began at some point in the past, *i.e.*, that Atlas's conduct 'continues,' the Amended Complaint does not allow the Court to tether that activity to any point in the past, let alone prior to the patent's expiration date."). Thus, at the very least, Barkan's citation to the Quick Start Guide cannot sustain Barkan's claims of induced infringement as to the Expired Patents.

### B.    Contributory Infringement

Barkan's claims for contributory infringement are even more deficient than its induced infringement claims. For contributory infringement, Barkan merely alleges that NAC contributorily infringes the Asserted Patents because the "[d]efendants are aware that components of the Accused Products are a material and substantial part of the invention claimed by the [Asserted Patents], and that they are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses." (*Id*. at ¶¶ 51, 57, 62).

Again, Barkan fails to allege pre-suit knowledge as explained above with respect to induced infringement. This failure to allege pre-suit knowledge is fatal to its pre-suit contributory infringement claims for the '284 Patent and pre- and post-suit contributory infringement claims for the Expired Patents. *See Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1926 (2015) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").

Further, Barkan provides no factual support for any of these allegations, such as: (1) why the components of the Accused Products are allegedly a "material and substantial part of the invention claimed by the [Asserted Patents]" (2) how and when NAC allegedly became aware of that allegation; or (3) why, according to Barkan, the components have no substantial non-infringing uses. Barkan's contributory infringement pleading is the definition of "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *See Twombly*, 550 U.S. at 555. Because Barkan fails to substantively support its contributory infringement claims, these claims should be dismissed.

"As many Courts have noted, parsing a Complaint is not meant to be a snark hunt; the Complaint is meant to put the Defendant on notice of the allegations against them." *Chapterhouse, LLC v. Shopify, Inc.*, No. 18-cv-00300-JRG, 2018 U.S. Dist. LEXIS 219072, at *9-10 (E.D. Tex. Dec. 11, 2018) (dismissing contributory and induced infringement claims). Because Barkan has failed to provide even the most basic support for its conclusory allegations, its claims for contributory infringement fail to provide notice and should be dismissed.

### C.    Willful Infringement

"To have a finding of willful infringement, a patent must exist, and the infringing party must have knowledge of the patent." *Intellectual Ventures*, 2019 U.S. Dist. LEXIS 75058, at *4-5. As explained above, Barkan's only allegation regarding knowledge is that Nokia Corporation was assigned an application which cites as prior art the application that resulted in the '284 Patent. (*Id.* at ¶ 69). But as discussed above, such an allegation fails because Barkan does not allege that any Nokia entity knew of the '284 Patent itself, or that any Nokia entity had knowledge of the Expired Patents. *See, e.g., Intellectual Ventures*, 2019 U.S. Dist. LEXIS 75058, at *8 ("[S]imply pointing out knowledge of the parent of one of the asserted patents or knowledge of other patents that share the same inventor as one of the asserted patents is insufficient" to sustain a claim for willfulness).

Thus, Barkan's willfulness claims fail to meet the *Iqbal/Twombly* pleading standard as a matter of law and should be dismissed.

## V.     CONCLUSION

Barkan's allegations with respect to indirect and willful infringement are unsupported legal conclusions that provide no factual detail regarding the basis for Barkan's assertions. Thus, these allegations fail to meet the *Iqbal/Twombly* pleading standard, and NAC respectfully requests that the Court dismiss Barkan's claims for indirect and willful infringement.

Respectfully submitted, this 5th day of April, 2021

<div style="margin-left:40%">

*/s/ John D. Haynes*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile:  (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Holly H. Saporito
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
holly.saporito@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
darlena.subashi@alston.com

</div>

Adam B. Ahnhut
**ALSTON & BIRD LLP**
2200 Ross Ave, Suite 2300
Dallas, TX 75201
Telephone:  (214) 922-3453
Facsimile:  (214) 922-3899
adam.ahnhut@alston.com

*Counsel for Defendant Nokia of America
Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2021, I electronically filed the foregoing NOKIA OF AMERICA CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

 /s/ *John D. Haynes*
John D. Haynes