IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,**<br><br>*Plaintiff*,<br><br>**V.**<br><br>**T-MOBILE US, INC., T-MOBILE USA, INC., and NOKIA OF AMERICA CORPORATION,**<br><br>*Defendants*. | **Civil Action No. 2:21-cv-00034-JRG**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE IN ADVANCE OF SCHEDULING CONFERENCE (DKT. NO. 50)

Defendants Nokia of America Corporation, T-Mobile US, Inc., and T-Mobile USA, Inc. (collectively, "Defendants") submit this response to Plaintiff Barkan Wireless IP Holdings, L.P.'s ("Barkan") Notice in Advance of Scheduling Conference ("Notice") (Dkt. No. 50), in which Barkan proposes an expedited schedule proceeding to trial in "no more than 9 months" and that the parties "forego a *Markman* hearing and proceed under the Court's existing constructions." Dkt. 50 at 1. Defendants disagree with Barkan and believe that an expedited schedule and foregoing the *Markman* hearing in this case would be inappropriate and highly prejudicial to Defendants.

Barkan asserts that an expedited schedule in this case is appropriate because this case "involves the same Asserted Patents, similar Accused Products, similar defendants, and similar plaintiff-side discovery" relating to two prior cases, one case involving Samsung and Verizon, and the other case involving CommScope and Sprint. Dkt. 50 at 1 (citing *Barkan Wireless IP Holdings, L.P., v. Samsung Elecs. Co. et al.*, No. 2:18-cv-00028-JRG (E.D. Tex. 2018) and *Barkan Wireless IP Holdings, L.P. v. CommScope Techs. LLC*, No. 2:19-cv-336-JRG (E.D. Tex. 2019)). While the patents asserted in this case may have been asserted in prior cases, Nokia was not a party to either

1

prior lawsuit. Similarly, while Sprint—an affiliate of T-Mobile as a result of a 2020 merger—was a party to Barkan's 2019 lawsuit, the accused products, relevant fact witnesses, and back-end systems identified to date are different in the instant lawsuit. The products accused of infringement here are supplied by Nokia, while the products accused in the prior cases were from other suppliers, including Samsung and CommScope. *See* Dkt. 16 at ¶ 38 (accusing 4G LTE CellSpot and 4G LTE CellSpot v2 devices); *Barkan Wireless IP Holdings, L.P. v. Sprint Corp. et al.*, No. 19-cv-336, Dkt. 25 at ¶ 34 (E.D. Tex. Dec. 5, 2019) (accusing Airave and Magic Box Gold devices); *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co. et al.*, No. 2:18-cv-28, Dkt. 1 at ¶ 29 (E.D. Tex. Jan. 30, 2018) (accusing Samsung/Verizon Wireless Network Extender and Samsung/Verizon Wireless 4G LTE Network Extender). Therefore, at minimum, Defendants require sufficient opportunity to investigate the accused products and their components.

Further, this case is in its infancy. Defendants received Barkan's disclosures under Patent Rule 3-1 only one and a half weeks ago, on April 28, 2021, and have not had sufficient opportunity to evaluate Barkan's contentions. Defendants should be permitted sufficient time to fully investigate Barkan's claims of infringement and the operation of the products accused of infringement in this lawsuit. In addition, Nokia should be permitted sufficient time to analyze the record in the prior proceedings and evaluate potential defenses, including assessing invalidity arguments raised in the prior proceedings and determining whether additional or different defenses or arguments are appropriate in this case. Finally, although Barkan asserts that the case involves "similar plaintiff-side discovery" as the prior cases, such an assertion assumes away the opportunity for Defendants in this case to conduct their own discovery of Barkan and/or third parties. Nokia requires sufficient opportunity to evaluate the discovery from the prior cases and determine what, if any, additional discovery is required. An expedited schedule would inhibit the

ability to do so.

Barkan further proposes that the "parties forego a *Markman* hearing and proceed under the Court's existing constructions." Dkt. 50 at 1. Again, however, Nokia and counsel for Nokia were not party to those prior cases and require sufficient opportunity to evaluate the Asserted Patents to determine whether any different or additional constructions should be proposed in this case. Further, CommScope and Sprint argued in their prior case that Plaintiff's amendment to its infringement contentions during the claim construction process necessitated a change to a construction from the *Samsung* case. *See Barkan Wireless IP Holdings, L.P. v. Sprint Corp.*, 2:19-cv-336, Dkt. 144 at 25-29 (E.D. Tex. Oct. 26, 2020) (Claim Construction Memorandum and Order) ("Defendants argue that, in the present case, Plaintiff's infringement contentions require modifying the *Samsung* construction . . . ."); *id.* at Dkt. 130 at 19-20 (E.D. Tex. Sept. 3, 2020) (Defendants' Responsive Claim Construction Brief). The Court in the *Sprint* case construed the relevant term consistent with the new construction proposed by the Defendants. *Id.* Similarly, in this case, Defendants require sufficient opportunity to evaluate Barkan's infringement contentions (and for Nokia to evaluate the Asserted Patents) to determine whether any alterations to prior constructions should be proposed and whether additional terms require construction.

Given these concerns, Defendants plan to request that the Court enter its standard docket control order, as will be addressed in more detail in the parties' submissions following the scheduling conference. *See* Dkt. 45 at 2 (setting the due date for the parties to file a Proposed Docket Control Order for two weeks after the scheduling conference).

Respectfully submitted, this 11th day of May, 2021.

/s/ John D. Haynes
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430

Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile:  (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Holly H. Saporito
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
holly.saporito@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
darlena.subashi@alston.com

Adam B. Ahnhut
**ALSTON & BIRD LLP**
2200 Ross Ave, Suite 2300
Dallas, TX 75201
Telephone:  (214) 922-3453
Facsimile:  (214) 922-3899
adam.ahnhut@alston.com

*Counsel for Defendant Nokia of America Corporation*


*/s/ Jason W. Cook*
David E. Finkelson (pro hac forthcoming)
Lead Attorney
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219-3916
Tel:  (804) 775-1000
Fax:  (804) 698-2016
dfinkelson@mcguirewoods.com

Jason W. Cook
Texas State Bar No. 24028537
Matthew W. Cornelia
Texas State Bar No. 24097534
**McGuireWoods LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel:  (214) 932-6400
Fax:  (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

Robert W. Weber
Texas State Bar No. 21044800
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75503
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

*Counsel for Defendants T-Mobile US, Inc. and
T-Mobile USA, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of May, 2021, I electronically filed the foregoing

DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE IN ADVANCE OF SCHEDULING

CONFERENCE with the Clerk of Court using the CM/ECF system, which will automatically send

notification of such filing upon Counsel of Record.

                        /s/ *John D. Haynes*
                        John D. Haynes