# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**T-MOBILE US, INC., T-MOBILE USA, INC., and NOKIA OF AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 2:21-cv-00034-JRG**<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF A
## PARTIALLY DISPUTED DISCOVERY ORDER

Plaintiff Barkan Wireless IP Holdings, L.P., ("Barkan") and Defendants T-Mobile US, Inc., T-Mobile USA, Inc., and Nokia of America Corporation (collectively, "Defendants") hereby move the Court for entry of a Partially Disputed Discovery Order.

The parties have met and conferred and agree on all provisions of the proposed Discovery Order for this case with the exception of the single disputed provision, Paragraph 12(d). The parties' competing versions of this provision are shown in the table below, with the differences between the two versions highlighted.

| **Plaintiff's Version of Paragraph 12(d)** | **Defendants' Version of Paragraph 12(d)** |
|---|---|
| d. <u>Privilege Log Limitations</u>. The Parties agree that materials withheld from discovery on grounds of privilege or work product that were created or dated after ==the date on which the party retained outside counsel in connection with the above-styled action or after== February 2, 2021==, whichever is earlier,== are exempt from privilege log disclosure requirements. | d. <u>Privilege Log Limitations.</u> The Parties agree that materials withheld from discovery on grounds of privilege or work product that were created or dated after February 2, 2021 are exempt from privilege log disclosure requirements. |

I.      **Plaintiff's Position**

Plaintiff Barkan respectfully requests that the Court enter its privilege-log provision. The provision Plaintiff proposes is the same provision that Plaintiff and counsel for Sprint (now counsel for Defendant T-Mobile) agreed upon in prior litigation in this District, *Barkan Wireless IP Holdings v. Sprint*, 2:19-cv-00336, Dkt. 59 ¶ 12(d). It provides that parties need not log materials withheld as privileged or work product created either (a) after this action was filed on February 2, 2021 or (b) after a party retained counsel in connection with the action.

*First*, Defendants' proposal—that communications after litigation counsel was retained are *not* exempt—only benefits Defendants and only harms Plaintiff. Defendants' counsel benefits either way, because they were retained *after* the February 2, 2021 Complaint. Plaintiffs' counsel, however, was retained in October of 2017, and represented Plaintiff in prior cases in this District involving the same patents and similar accused products, *Barkan Wireless IP Holdings v. Samsung and Verizon*, 2:18-cv-00028 and *Barkan Wireless IP Holdings v. Sprint and CommScope*, 2:19-cv-00336. Requiring Plaintiff to log communications with counsel over years of litigation is extremely onerous, and includes in the logging obligation what parties agree is undisputedly privileged: communications with outside counsel created after being retained for litigation.

*Second*, that Plaintiff's proposal is fair is demonstrated by the fact that Defendants did not originally object to it. T-Mobile originally requested that materials from certain prior litigations be exempted, and Plaintiff agreed. Defendants reversed course in favor of burdening Plaintiff only in the final hours before the Discovery Order was due, requiring the parties to request an extension.

*Third*, Plaintiff's privileged communications after retention are irrelevant. The only issue Defendants speculated such materials may address is when Plaintiff learned of the accused

products. That can be discovered via non-privileged communications, and regardless, is not relevant, as the laches defense no longer exists. *SCA Hygiene*, 137 S. Ct. 954 (2017).

II.     **Defendants' Position**

Defendants' proposal provides a simple and easily understood cut-off date for materials that do not need to be logged—February 2, 2021, the date that the Complaint in this case was filed. Defendants' proposal is standard for Discovery Orders in this District.[1] In contrast, Barkan's proposal is ambiguous and unclear, not requiring Barkan to log privileged materials after "***the date on which the party retained outside counsel***" (emphasis added). Barkan has recently litigated the patents-in-suit in two other litigations[2], and it provides no insight into when, in its opinion, it "retained outside counsel" in "***connection***" with this case. Thus, it appears that Barkan seeks to withhold logging of all relevant communications associated with the patents-in-suit or defendant T-Mobile from any prior case (potentially dating back to 2016), even though communications in those cases took place years before the Complaint in this case was filed.

Defendants are entitled to discovery of relevant communications, which includes Barkan having to log privileged materials. *See* FED. R. CIV. P. 26(b)(1). Any burden imposed on Barkan should be viewed in the context of the burden of the case as a whole. Barkan sought and received an expedited schedule in this case on the premise that this case is similar to the previous litigations. *See* Dkt. 50. Any burden imposed by logging relevant, pre-suit privileged communications is

---

[1] *See, e.g.*, *Neodron Ltd. v. Panasonic Corp. et al.*, No. 2:20-cv-00241-JRG-RSP (E.D. Tex. Dec. 18, 2020) (Dkt. 39); *Optimum Imaging Techs. LLC v. Canon Inc.*, No. 2:19-cv-00246-JRG (E.D. Tex. Nov. 20, 2019) (Dkt. 41).
[2] *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co. et al.*, No. 2:18-cv-00028-JRG (E.D. Tex. 2018); *Barkan Wireless IP Holdings, L.P. v. CommScope Techs. LLC*, No. 2:19-cv-336-JRG (E.D. Tex. 2019). Further, a different Barkan entity previously sued defendant T-Mobile on different patents in this Court. *Barkan Wireless Technology, LP v. T-Mobile US, Inc., et al.*, No. 2:16-cv-00063 (E.D. Tex. 2016).

substantially outweighed by the admitted efficiencies Barkan has already benefitted from in filing serial litigations. Therefore, Defendants' proposed privilege-log exemption should be adopted.

DATED: May 28, 2021

Respectfully submitted,

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr. – Lead Counsel
Texas State Bar No. 20213950
Justin Nelson
Texas State Bar No. 24034766
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
**SUSMAN GODFREY, LLP**
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

William D. O'Connell
New York State Bar No. 5491014
**SUSMAN GODFREY, LLP**
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
boconnell@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Robert Allen Bullwinkel
Texas State Bar No. 24064327

Blaine Andrew Larson
Texas State Bar No. 24083360
**HEIM, PAYNE & CHORUSH, LLP**
Heritage Plaza
1111 Bagby Street
Suite 2100
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
blarson@hpdlp.com
mheim@hpcllp.com
abullwinkel@hpcllp.com

S. Calvin Capshaw
Texas State Bar No. 03783900
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff Barkan Wireless IP Holdings, L.P.*

*/s/ Matthew W. Cornelia (w/ permission)*
David E. Finkelson (*pro hac vice*)
Lead Attorney
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 698-2016
dfinkelson@mcguirewoods.com

Jason W. Cook
Texas State Bar No. 24028537
Matthew W. Cornelia
Texas State Bar No. 24097534
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel: (214) 932-6400
Fax: (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

Robert W. Weber
Texas State Bar No. 21044800
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75503
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

*Counsel for Defendants*
*T-Mobile US, Inc. and*
*T-Mobile USA, Inc.*

/s/ *John D. Haynes (w/ permission)*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile:  (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Holly H. Saporito
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
holly.saporito@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
darlena.subashi@alston.com

Adam B. Ahnhut
**ALSTON & BIRD LLP**
2200 Ross Ave, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3453
Facsimile:  (214) 922-3899
adam.ahnhut@alston.com

*Counsel for Defendant Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 28th day of May 2021.

                */s/ William D. O'Connell*
                William D. O'Connell


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for all parties met and conferred regarding the relief requested above. The parties are agreed on the relief requested with the single exception discussed. The parties met and conferred telephonically and over email to resolve their dispute but were unable to do so.

                */s/ William D. O'Connell*
                William D. O'Connell