**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | § § § § § | |
| **Plaintiff,** | § § | |
| | § | **NO. 2:21-cv-00034-JRG** |
| **v.** | § § | |
| **T-MOBILE US, INC., T-MOBILE USA, INC. and NOKIA OF AMERICA CORPORATION,** | § § § | **JURY TRIAL REQUESTED** |
| | § § | |
| **Defendants.** | § § § § § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

Defendants' Motion for Entry of an Order Focusing Patent Claims and Prior Art (Dkt. 70)—which asks that Barkan be required to elect its asserted claims *five months earlier* than the deadline this Court just fixed, and before the substantial completion date—should be denied.

First, the DCO this Court just entered already has a deadline for Barkan to narrow its claims and Defendants to narrow their prior art references. That deadline is *five months from now*, on November 22. Defendants are not even due to identify which claims they contend are invalid until the date of this opposition. Moreover, as an effort to compromise with Defendants, Barkan has voluntarily proposed an earlier reduction of claims and prior art than is required by the DCO. Defendants' Motion is unnecessary.

Second, Defendants ask the Court to order Barkan to cut **83%** of its asserted claims without the benefit of discovery. Without such discovery Barkan lacks the information to narrow its claims. Defendants argue Barkan should have to narrow its claims now because it requested a shortened discovery schedule. But the length of the discovery schedule does not support Defendants' request that Barkan cut its claims *before receiving necessary discovery.*

Third, Defendants fail to identify any prejudice from having claims narrowed after fact discovery. Defendants' only argument is that Barkan previously filed litigation in this District on the Patents-in-Suit where it narrowed its claims before trial. But Barkan did that after *full discovery* concerning the accused products—precisely what Defendants seek to deny Barkan here.

Defendants' Motion should be denied.

A.      **Defendants' Motion is Unnecessary**

Under the agreed DCO—which the Court entered on June 10 (Dkt. 65) and corrected on June 18 (Dkt. 69)—Barkan is required to identify "all allegedly infringed claims that will be asserted at trial" in the Joint Pretrial Order, due November 22, 2021. Dkt. 69. The case schedule

1

already has a date for narrowing claims to focus the issues for trial. Defendants never raised the prospect of claim reduction while discussing the proposed DCO and instead waited until after the parties reached agreement on a proposed DCO to demand that Barkan significantly narrow its asserted claims from 88 to 7 without the benefit of any discovery.

To address the purported concerns raised by Defendants, Barkan offered a reasonable proposal: Barkan would reduce to 50 claims 21 days after Defendants served their P.R. 3-3 and 3-4 production in exchange for Defendants narrowing to 8 prior art combinations per claim. In response, Defendants filed this Motion, which seeks to force Barkan to narrow to 30 claims next week and 15 claims by July 22.[1] Defendants have offered no reason why Barkan's proposal, which would reduce the number of asserted claims by almost half before the close of fact discovery and expert reports are due, is inadequate. Defendants' motion is nothing more than an attempt to force Barkan to jettison meritorious claims without the benefit of discovery.

**B.     Defendants' Motion and the Claim Reductions they Propose are Premature**

Barkan is willing to agree to a reasonable proposal for narrowing the number of asserted claims in exchange for a proportionate reduction of prior art references by Defendants. The claim reduction, however, must be reasonable, and will turn on discovery from Defendants. In other words, Barkan needs an opportunity for full and fair discovery concerning Defendants' products.

Defendants' proposal is neither proportionate in scale, nor does it envision allowing discovery to occur so that Barkan's claim reduction can be informed by Defendants' discovery production and responses. Defendants have provided negligible discovery to date. For example, despite Barkan requesting documents since early May relating to the functionality of the Accused

---

[1] The proposed order is not tailored to the facts of this case. For example, it purports to limit Barkan to "no more than ten claims from each patent and not more than a total of 32 claims." There are only three asserted patents, and Barkan is only asserting 6 claims from one of the patents.

2

Products, T-Mobile has not produced any documents, and Nokia only last week made an initial production. Defendants tout this production as consisting of "over 800 technical documents," Motion at 5, but when removing duplicates and different versions of the same document, it is significantly less, between 200 and 300 documents. Defendants' invalidity contentions and accompanying document production are due June 23. T-Mobile's initial disclosures identified only three employees as potentially having relevant knowledge. Nokia failed to identify ***any*** employees. When pressed by Barkan to identify more individuals, T-Mobile declined, citing the early stages of the case.

Defendants' narrowing proposal would require Barkan to reduce to 10 claims per patent next week. Defendants argue Barkan will have a chance to review Defendants' productions before having to reduce its claims under Defendants' proposed order, but their order provides Barkan less than two weeks to review Nokia's initial production and only four business days to review Defendants' P.R. 3-3 and 3-4 production.

Defendants' argument also presupposes that Defendants' production of technical documents will be complete as of the P.R. 3-3 and 3-4 deadline. Barkan has repeatedly requested that Defendants provide deadlines for when they will be completing their document productions; Defendants have repeatedly demurred, and the deadline to substantially complete production is not until July 28. And Nokia has not identified a ***single*** employee with relevant knowledge. Without full and fair discovery, it is unreasonable and highly prejudicial to require Barkan to reduce its claims as Defendants propose. Such discovery plays an integral role in determining claims to narrow.

So too does claim construction. Barkan's opening claim construction brief is due July 1. And although these patents have been construed before, Defendants attempt to raise new issues

regarding an important term—"coordination center." The Court's construction of this term (as well as Defendants' arguments) may impact Barkan's claim selection. Defendants' proposal, however, would require Barkan to drop the vast majority of its claims without the benefit of such constructions.

Because Defendants' proposal would require Barkan to drop the vast majority of its claims without the benefit of discovery or claim construction, the Motion should be denied. Defendants suggest Barkan should "know which claims it plans to proceed with at trial" because Barkan requested and the Court entered an expedited schedule, Motion at 3, but that argument is flawed. Barkan requested an expedited schedule because this is the third litigation in this District concerning the Patents-in-Suit. Dkt. 50 at 1. Accordingly, it can and has benefitted from certain efficiencies. For example, Barkan has been able to quickly produce discovery it produced in the prior actions. That does not mean Barkan has the information necessary to reduce its claims along the lines Defendants propose. Such information resides with Defendants.

Defendants similarly point to Barkan's statement that the Accused Products here are similar to those in prior litigations. Motion at 1. Saying the accused products are similar does not mean they are the same. Defendants concede the "accused products . . . and back-end systems identified to date are different" here. Motion at 5 n.2. Defendants also contend they "need time to investigate" their *own* products to prepare their defense, Motion at 5, and yet they would deny Barkan—which, unlike Defendants, does not have access to confidential materials or relevant witnesses—the same opportunity to do so to prepare its case.

Finally, Defendants provide a lengthy and critical recitation of the process by which Barkan narrowed its asserted claims against Sprint and CommScope in prior litigation and suggest there was something nefarious about that process. *See* Motion at 3. There was not. On the contrary, the

4

circumstances of that case highlight why Defendants' proposal here is unnecessary and premature. Much like the current case, the *Sprint* DCO required Barkan to identify its trial claims in the joint pretrial order. *See* 2:19-cv-336, Dkt. 58. Barkan did just that after full and fair discovery. Barkan also stipulated to non-infringement of certain claims after an adverse claim construction ruling and, again, full and fair discovery. *See* 2:19-cv-336, Dkt. 216. In both instances, Barkan considered the discovery received and the Court's constructions. That is how claim reduction should occur, not in the dark and without necessary information, as Defendants want.

**C.    Defendants Have Not Identified Any Unique Prejudice**

Finally, Defendants argue they are prejudiced by the number of claims Barkan has asserted, but they have not identified any prejudice unique to this case. Defendants do not argue Barkan's claim selection has prejudiced their ability to identify prior art, prepare invalidity contentions, or propose terms for claim construction. Nor can they. Defendants have the invalidity contentions from the prior cases asserting the Patents-in-Suit and, in fact, T-Mobile is represented by the same counsel that represented Sprint in the prior litigation.

In any event, Defendants' conclusory complaints about the burden imposed on them from having to defend themselves on the current case schedule parrot the same burdens imposed on *every* defendant in *every* patent case. *See* Motion at 3, 5. Defendants offer no support or evidence of any unique burdens here. Defendants have offered no reason why their proposed order is needed and why the DCO—modeled after the model DCO—should be in effect amended.

**D.    Conclusion**

Defendants' proposal is not an attempt to streamline issues; it is an attempt to gain a litigation advantage. The Motion should be denied.

5

Dated:  June 23, 2021                    Respectfully submitted,

*/s/ Blaine Larson*
Michael F. Heim
Texas State Bar No. 09380923
Robert Allan Bullwinkel
Texas State Bar No. 24064327
Blaine A. Larson
Texas State Bar No. 24083360
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone:  (713) 221-2000
Facsimile:  (713) 221-2021
blarson@hpcllp.com
mheim@hpcllp.com
abullwinkel@hpcllp.com

Max L. Tribble, Jr.
Texas State Bar No. 20213950
Justin Nelson
Texas State Bar No. 24034766
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
**SUSMAN GODFREY, LLP**
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

William D. O'Connell
New York State Bar No. 5491014
**SUSMAN GODFREY, LLP**
1301 Avenue of the Americas, 32nd Fl.

6

New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
boconnell@susmangodfrey.com

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea L. Fair
Texas State Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

*ATTORNEYS FOR PLAINTIFF BARKAN
WIRELESS IP HOLDINGS, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service by email.

/s/ *Blaine Larson*
Blaine Larson

7