# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**T-MOBILE US, INC., T-MOBILE USA, INC., and NOKIA OF AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 2:21-cv-00034-JRG** |

**LETTER OF REQUEST TO THE CENTRAL AUTHORITY OF THE
STATE OF ISRAEL FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**TO:**     The Administration Of Courts, Legal Assistance to Foreign Countries, Knfey

Nesharin St. 22, Jerusalem 9546436, ISRAEL

**FROM:**     The United States District Court for The Eastern District of Texas, Marshall

Division.

This request is made pursuant to Article 3 of the Hague Convention of 18 March 1970 on

the Taking of Evidence Abroad in Civil and Commercial Matters (the "Convention"), 23 U.S.T.

2555, T.I.A.S. No. 7444, 847 U.N.T.S. 231.

The United States District Court for the Eastern District of Texas, Marshall Division

presents its compliments to the Central Authority of the State of Israel, and requests international

assistance to obtain evidence from Technion - Israel Institute of Technology ("Technion"), located

within the State of Israel. Evidence obtained through this request will be used in a civil action

pending in the United States District Court, Eastern District of Texas, Marshall Division, captioned *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc. et al*, Civil Action No. 2:21-cv-00034-JRG ("the Action").

The United States District Court for the Eastern District of Texas, Marshall Division is a competent court of law and equity and properly has jurisdiction over the Action. In the proper exercise of its authority, this Court has determined that production of evidence from Technion is necessary to develop the factual record needed for the complete and just resolution of the issues in the Action. This Court therefore requests the assistance described herein in the interest of justice.

The Plaintiff is Barkan Wireless IP Holdings, L.P. ("Barkan"), a Delaware limited partnership founded by Dr. Elad Barkan, an Israeli computer scientist and named inventor on several U.S. Patents. Dr. Barkan received his Ph.D. from the Technion – Israel Institute of Technology ("Technion") in Haifa, Israel, and is now a researcher at the Weizmann Institute of Science in Rehovot, Israel. Barkan alleges that Defendants T-Mobile US, Inc., T-Mobile USA, Inc., and Nokia of America Corporation (collectively, "Defendants") have been and are now infringing U.S. Patent Nos. 8,559,312, 9,392,638, and 8,014,284 (collectively, the "Asserted Patents") owned by Barkan. The Asserted Patents are directed towards systems, devices, and methods for providing access to distributed networks.

Among other defenses, Defendants allege that they have not infringed the Asserted Patents, the Asserted Patents are invalid, and that Barkan does not own the Asserted Patents.

Defendants have sufficiently demonstrated to this Court that Technion possesses evidence necessary to evaluate the defenses, including its policy for proper ownership rights of the Asserted Patents, and the activities of Dr. Barkan while he was a student at Technion.

The undersigned, as a United States District Judge of The United States District Court for the Eastern District of Texas, Marshall Division (located at the Sam B. Hall Jr. Federal Building and U.S. Courthouse, 100 E Houston Street, Marshall, Texas 75670, United States of America, with phone number (903) 935-3868), hereby issues this Letter of Request for judicial assistance to the Central Authority of the State of Israel in accordance with the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as follows:

1. **Sender**

   Chief Judge Rodney Gilstrap
   Sam B. Hall Jr. Federal Building and United States Courthouse
   100 East Houston Street
   Marshall, Texas 75670
   United States of America

2. **Central Authority of the Requested State**

   The Administration of Courts
   Legal Assistance to Foreign Countries
   Knfey Nesharin St. 22
   Jerusalem 9546436
   Israel

3. **Persons to Whom the Executed Request Is to be Returned**

   Holly Hawkins Saporito
   Alston & Bird LLP
   One Atlantic Center
   1201 West Peachtree Street NW #4900
   Atlanta, GA 30309-3424
   United States of America
   Telephone: 404-881-7000
   holly.saporito@alston.com

4. **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter Request**

   As soon as reasonably practicable consistent with the Court's calendar.

- 3 -

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED**

**APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5.  a.  Requesting Judicial Authority**

Chief Judge Rodney Gilstrap
Sam B. Hall Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670
United States of America

**b.  To the Competent Authority of**

Administration of Courts
Legal Assistance to Foreign Countries
c/o Directorate of Courts
22 Kanfei Nesharin St.
Jerusalem 9546435
Israel

**c.  Name of the Case and Any Identifying Number**

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc. et al*, Civil Action No. 2:21-cv-

00034-JRG (U.S. District Court for the Eastern District of Texas).

**6.  Names and Addresses of the Parties**

**a.  Plaintiff**

Barkan Wireless IP Holdings, L.P.
1313 N. Market Street, Suite #5100
Wilmington, DE 19801
United States of America

**Plaintiff's Representatives**

Alexander W. Aiken
Susman Godfrey, LLP
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3880
aaiken@susmangodfrey.com

- 4 -

Blaine Andrew Larson
HEIM, PAYNE & CHORUSH, LLP
Heritage Plaza
1111 Bagby Street
Suite 2100
Houston, TX 77002
713-221-2000
blarson@hpcllp.com

Claire Abernathy Henry
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
claire@wsfirm.com

Elizabeth L DeRieux
CAPSHAW DERIEUX LLP
114 E Commerce Avenue
Gladewater, TX 75647
(903) 845-5770
ederieux@capshawlaw.com

Justin Adatto Nelson
SUSMAN GODFREY, LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
713-653-7895
jnelson@susmangodfrey.com

Matthew R Berry
SUSMAN GODFREY, LLP
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-373-7394
mberry@susmangodfrey.com

Michael F Heim
HEIM PAYNE & CHORUSH, LLP
Heritage Plaza
1111 Bagby Street, Suite 2100
Houston, TX 77002
713-221-2000
mheim@hpcllp.com

Robert Allan Bullwinkel
HEIM, PAYNE & CHORUSH, LLP
Heritage Plaza
1111 Bagby Street
Suite 2100
Houston, TX 77002
713-221-2000
abullwinkel@hpcllp.com

Sidney Calvin Capshaw , III
CAPSHAW DERIEUX LLP
114 E Commerce Avenue
Gladewater, TX 75647
903-845-5770
ccapshaw@capshawlaw.com

Thomas John Ward , Jr
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
jw@wsfirm.com

Max Lalon Tribble , Jr
SUSMAN GODFREY LLP
1000 Louisiana Street
Ste 5100
Houston, TX 77002-5096
713-651-9366
mtribble@susmangodfrey.com

**b.  Defendants**

T-Mobile US, Inc., T-Mobile USA, Inc.
12920 SE 38th Street
Bellevue, Washington 98006
United States of America

Nokia of America Corporation
600 Mountain Avenue
Murray Hill, New Jersey 07974
United States of America

**Defendants' Representatives**

<u>T-Mobile US, Inc., T-Mobile USA, Inc.</u>

David E Finkelson
MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-1129
804-775-1157
dfinkelson@mcguirewoods.com

Jason Woodard Cook
MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
214-932-6418
jcook@mcguirewoods.com

Matthew William Cornelia
Mᴜɴꜱᴄʜ Hᴀʀᴅᴛ Kᴏᴘꜰ & Hᴀʀʀ P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
214-932-6413
mcornelia@mcguirewoods.com

Robert William Weber
Sᴍɪᴛʜ Wᴇʙᴇʀ LLP
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505
903-223-5656
bweber@smithweber.com

<u>Nokia of America Corporation</u>

John Daniel Haynes
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street NW #4900
Atlanta, GA 30309-3424
404-881-7000
john.haynes@alston.com

Adam Bertram Ahnhut
ALSTON & BIRD LLP
2200 Ross Ave., Suite 2300
Dallas, TX 75201
214-922-3453
adam.ahnhut@alston.com

Darlena Subashi
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
212-210-1277
darlena.subashi@alston.com

Deron R Dacus
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
ddacus@dacusfirm.com

Holly Hawkins Saporito
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street NW #4900
Atlanta, GA 30309-3424
404-881-7000
holly.saporito@alston.com

Shannon Marie Dacus
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
sdacus@dacusfirm.com

**c.   Nonparty Recipient of This Request**

Technion - Israel Institute of Technology
Mauerberger Building, 2nd Floor
Technion City, Haifa 3200003
Israel

**7.   Nature and Purpose of the Proceedings and Summary of the Facts**

Plaintiff alleges that certain of Defendants' products and systems infringe the Asserted Patents. Defendants assert that the Asserted Patents are not infringed, and further contend that Plaintiff improperly claims an ownership right in the Asserted Patents.

**8.   Evidence to be Obtained or Other Judicial Act to be Performed**

The evidence requested herein by the Requesting Court consists of documents and policies currently in the possession of Technion - Israel Institute of Technology, or one of its affiliated entities, as well as testimony from an individual or individuals identified by Technion. Defendants anticipate that this evidence will be necessary for the trial of the Action. Defendants' detailed requests for production directed to Technion are explained below in **Attachment A** to this letter, while topics to be explored in the requested deposition testimony are outlined below in **Attachment B** to this letter.

**9.   Purpose of the Evidence of Judicial Act Sought**

The purpose of the requested evidence is for use by the Court and parties at the trial of the Action.

Technion possesses documents and policies relating to ownership of the Asserted Patents, as well as information relating to whether the Asserted Patents are infringed or invalid. Defendants anticipate utilizing the requested evidence at a minimum in defense of Plaintiff's damages claim and in furtherance of Defendants' ownership-based defenses.

Therefore, the Requesting Court seeks assistance for this ongoing proceeding via this Letter of Request. If any portion of this Letter of Request is deemed to be unacceptable under the laws of the State of Israel, please disregard that portion and continue to comply with as much of the Request as is legally permissible.

**10. Special Methods or Procedure to Be Followed**

Particular documentary evidence is required from Technion. This evidence should be collected under the direction of the competent court, or, if granted by the competent court, before Defendants' Israeli attorney.

Deposition testimony is further required from an individual or individuals, identified by Technion, knowledgeable and competent to provide testimony about topics including Technion's Intellectual Property Regulations and Dr. Barkan's attendance and coursework while a student at Technion. Any such testimony should be taken under oath and before the competent court, or before Defendants' Israeli lawyer if granted by the competent court. If further permitted by the competent court, Defendants' United States counsel would ask questions of the identified individual or individuals at deposition, with Plaintiff's counsel also permitted to ask questions at deposition. Further, inter alia, in view of the current COVID global pandemic, Defendants' counsel (or any other representative on behalf of the Defendants) will ask the competent court to order that any such depositions be allowed to proceed by remote electronic means (e.g., by videoconference).

**11. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Article 11, b)**

Under the laws of the United States, a witness or entity has a privilege to refuse to provide evidence if the evidence discloses a confidential communication between that witness/entity and an attorney for that witness/entity that was made for the purpose of obtaining legal advice.

United States law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restriction on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

**12. The Fees and Costs Incurred Which Are Reimbursable**

The Requesting Court understands that any fees and costs incurred in the execution of this Letter of Request are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Evidence Convention. These fees and costs, if any, will be reimbursed by the Defendants. Any request for reimbursement should be sent to the Defendants' legal representative, as listed above.

Dated: _____, 2021        _____

[SEAL AFFIXED]                                Presiding Judge

# ATTACHMENT A

**DEFINITIONS**

1.      "Technion," "You" or "Yours" means The Technion – Israel Institute of Technology as well as any related predecessors, parents, subsidiaries (such as Technion Research & Development Foundation Ltd.), sister, affiliates, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, attorneys, distributors, contractors, representatives, employees, and any other persons acting or purporting to act on behalf of any of the foregoing.

2.      "Intellectual Property Regulations" means any regulations or policies enacted by Technion regarding Technion's treatment of the ownership of intellectual property created by individuals working with or associated with Technion, including but not limited to intellectual property (such as inventions) created by Technion employees, persons engaged in research who are not an employee, and/or students.

3.      "Excellence Program" means the Technion Program for Excellence, the Technion Excellence Program, or other related programs.

4.      "Including" or any variant thereof means "including without limitation."

5.       "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

6.      "Any" and "all" mean "any and all."

7.      "Each" and "every" mean "each and every."

8.      "You," "your," or "yours" mean Technion, as defined herein.

9.      Document" or "thing" shall have the same meaning and scope as in Rule 34 of the United States Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in Technion's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without

limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10.     "Person" or "persons" means an individual, corporation, proprietorship, partnership, association, or any other entity.

11.     "Communication" or "communicated" means any contact between two or more entities by which any information or knowledge is transmitted or conveyed or attempted to be transmitted or conveyed, including written contact including letters, memoranda, telegrams, telefaxes, telecopies, telexes or e-mails, text messages and oral contact including face-to-face meetings, telephone conversations, voicemails, answering machine messages and telephonic notes.

12.     The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

13.     The term "identify" when used in conjunction with a person means to provide, to the extent known, the person's full name, present or last known address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment and, when referring to a current or former director, officer, manager or other employee of Technion, additionally the title(s) or position(s) held by such person, the time periods during which

such person held such position(s), and a description of the responsibilities of such person to those position(s).

## INSTRUCTIONS

14.    You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

15.    You are to produce documents from any single file in the same order as they were found in such file, including any labels, files, folders, and containers which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

16.    If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

17.    You are to produce all documents which are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation of any sort, and regardless of whether you deem such documents to be irrelevant to the issues in the investigation for which such documents are being sought If any such documents cannot be produced in full, produce the document to the extent possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

18.    You are required to produce not only the original or an exact copy of the original of all documents or things responsive to any of the requests herein, but also all copies of such documents or things which bear any notes or markings not found on the originals and all

preliminary, intermediate, final, and revised drafts or embodiments of such documents or things. You are also required to produce all versions of the foregoing documents stored by a computer internally, on disk, on CD-ROM, or on tape.

19.     You are to produce any purportedly privileged document containing non-privileged matter, with the purportedly privileged portion excised or redacted.

20.     If any of the documents requested herein are no longer in your possession, custody, or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

21.     If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

22.     Electronic and computerized materials must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit tendering of the material intelligible.

23.     If any of the documents or things are considered "confidential," as that term is defined in the attached protective order ("Protective Order") (Attachment C), such documents or things should be produced subject to the terms and provisions of the Protective Order.

24.     If production of any document listed and described in Attachment A hereto is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) author(s)/sender(s); (3) recipient(s), including copy recipients; and (4) general subject matter of the document. The

sender(s) and recipient (s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If the sender or the recipient is an attorney or a foreign patent agent, he or she shall be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All English language and Hebrew language versions of Technion's Intellectual Property Regulations that were in effect throughout May – December 1999.

**REQUEST FOR PRODUCTION NO. 2:**

Documents, things, and communications sufficient to show Elad Barkan's attendance at Technion during the 1999-2000 timeframe including, but not limited to, information relating to: (i) Elad Barkan's coursework; (ii) any scholarships Elad Barkan received; (iii) Elad Barkan's participation/membership in the Excellence Program; (iv) any research Elad Barkan performed; (v) any employment Elad Barkan held at Technion; and (vi) any materials and/or supplies (for example computers, laptops, etc.) provided to Elad Barkan by Technion.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and things sufficient to describe the Excellence Program at Technion as it existed in 1999–2000, including but not limited to information about scholarships, housing, specialty courses, research, employment, and materials and/or supplies (for example computer privileges, laptops, etc.) provided to students in the Excellence Program by Technion.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and things sufficient to show Elad Barkan's participation/membership in the Excellence Program at Technion from 1999–200.

**REQUEST FOR PRODUCTION NO. 5:**

Any inventions disclosure forms and/or communications submitted to Technion by, or on behalf of, Elad Barkan. In particular, any invention disclosure by, or on behalf of, Elad Barkan relating to (i) PCT Application No. PCT/IL99/00438, entitled "Add-On Base Station for Cellular Network Expansion"; (ii) U.S. Patent Nos. 8,014,284, entitled "Cellular network system and method"; (iii) U.S. Patent Nos. 8,559,312 and 9,392,638, both entitled "Systems, Devices and Methods for Providing Access to a Distributed Network"; (iv) U.S. Patent No. 8,009,826, entitled "Cryptoanalysis Method and System"; and (v) U.S. Patent No. 8,295,477, also entitled "Cryptoanalysis Method and System."

# ATTACHMENT B

**DEFINITIONS**

The definitions set forth in Attachment A are incorporated by reference.

**TOPICS**

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the following topics:

A.    Technion's Intellectual Property Regulations in effect as of June and August 1999.

B.    Elad Barkan's attendance of Technion during his undergraduate coursework, including but not limited to:

    a.    Elad Barkan's coursework,

    b.    Elad Barkan's years of attendance,

    c.    Any scholarship Elad Barkan received while attending Technion,

    d.    Elad Barkan's participation in the Excellence Program,

    e.    Any research Elad Barkan performed while an undergraduate at Technion,

    f.    Any employment Elad Barkan held while an undergraduate at Technion, and

    g.    Any materials and/or supplies (for example computers, laptops, etc.) provided to Elad Barkan by Technion.

C.    The Excellence Program at Technion as it existed in 1999-2000, including information about scholarship, housing, specialty courses, research, employment, and materials and/or supplies (for example computer privileges, laptops, etc.) provided to students in the Excellence Program by Technion.

D.    Elad Barkan's participation/membership in the Excellence Program at Technion during 1999–2000, including but not limited to information about Elad Barkan's

Excellence Program specific coursework, research, conference attendance, and mentorship.

E.    Inventions disclosure forms submitted to Technion by, or on behalf of, Elad Barkan. In particular, whether Elad Barkan submitted an invention disclosure relating to: (i) PCT Application No. PCT/IL99/00438, entitled "Add-On Base Station for Cellular Network Expansion"; (ii) U.S. Patent Nos. 8,014,284, entitled "Cellular network system and method"; (iii) U.S. Patent Nos. 8,559,312 and 9,392,638, both entitled "Systems, Devices and Methods for Providing Access to a Distributed Network"; (iv) U.S. Patent No. 8,009,826, entitled "Cryptoanalysis Method and System"; and (v) U.S. Patent No. 8,295,477, also entitled "Cryptoanalysis Method and System."

# ATTACHMENT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BARKAN WIRELESS IP HOLDINGS, L.P., | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 2:21-cv-00034-JRG |
| T-MOBILE US, INC., T-MOBILE USA, INC., AND NOKIA OF AMERICA CORPORATION, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## JOINT PROTECTIVE ORDER

WHEREAS, Plaintiff Barkan Wireless IP Holdings, L.P. ("Plaintiff") and Defendants T-Mobile US, Inc., T-Mobile USA, Inc. (collectively, "T-Mobile"), and Nokia of America Corporation (together with T-Mobile, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action ("Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document,

1

information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material for which such protection is sought (except deposition and hearing transcripts). For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

      1.1    Protected Material generated in Civil Action No. 2:18-cv-28 (E.D. Tex.) may be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY."

      1.2    Protected Material generated in Civil Action No. 2:19-cv-336 (E.D. Tex.) may be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "SPRINT LITIGATION – OUTSIDE COUNSEL ONLY."

      2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL" or "RESTRICTED -

ATTORNEYS' EYES ONLY" under this Order, respectively, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," "SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY," or "SPRINT LITIGATION – OUTSIDE COUNSEL ONLY,"("DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) discovery responses, including answers to interrogatories and to requests for admission; and (f) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," "SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY," or "SPRINT LITIGATION – OUTSIDE COUNSEL ONLY,") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected

Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

a.      outside counsel of record in this Action for the Parties;

b.      employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c.      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d.      up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e.      outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and employees of these consultants or experts, provided that: the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party or Third Party with the following materials:

    (i)     a current curriculum vitae of the consultant or expert

    (ii)    a list of all cases in which the consultant or expert has worked in the past four years;

    (iii)   a list that identifies each person or entity for which the proposed expert or consultant has consulted during the last four years, and that identifies the general subject matter of the work (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise

4

reasonable efforts to obtain permission to disclose at least the industry segment and general subject area of the technology).

The above information will be provided at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to enable the producing Party or Third Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The affected Parties and/or Third Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties and/or Third Parties are unable to resolve any objection, the objecting Party or Third Party may file a motion with the Court within ten (10) days of the objection, or within such other time as the Parties and/or Third Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party or Third Party shall have the burden of proving the need for a protective order. In the event of such a dispute, no disclosure shall occur until all such objections are resolved by agreement or Court order;

f.      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services including mock jurors, mediators and supporting personnel, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g.      the Court and its personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL (i) shall be used by the Parties only in this litigation for prosecuting, defending, or attempting to settle this Action; (ii) shall not be used for any other purpose, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive

such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE".

9.      For Protected Material designated by Defendants or Third Parties as RESTRICTED – ATTORNEYS' EYES ONLY, or for any material designated SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY or SPRINT LITIGATION – OUTSIDE COUNSEL ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g). For all other Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g). For the avoidance of doubt, nothing in this provision shall restrict access to Protected Material by individuals listed in paragraph 5(c) who otherwise have access to such Protected Material outside of this action.

6

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a. Access to a Party's Source Code Material shall be provided on two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet that are password protected and maintained in a secure, locked area and disabled from having external storage devices attached to them ("Source Code Computers").[1] Notwithstanding the foregoing, at least one Source Code Computer may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies (such as electronically printed PDFs solely for the limited purpose permitted pursuant to paragraphs 10 (l and p) below. Additionally, except as provided in paragraph 10(p) below, the Source Code Computers may only be located at the offices of the producing Party's outside counsel;

b. The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computers to normal business hours, which for purposes of this paragraph shall be Monday through Friday 9:00 a.m. through 6:00 p.m. local time, and excluding federal holidays. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers;

d. Input/output devices or electronic devices capable of capturing and/or storing information, including cell phones, smartphones, smart watches, PDAs, cameras, recordable or storage media (e.g., USB drives, portable hard drives, CDs, etc.), voice recorders, laptops, or computers (other than a notetaking laptop that cannot connect to the Internet) are strictly prohibited inside the source code review room. All persons entering the secure room where the Source Code Computers are made available shall provide photo identification and must submit to a visual inspection to ensure that there are no prohibited items being brought into the room. A telephone and internet access will be provided in a room convenient to and near the source code review room—i.e., a room in close proximity to the source code review room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room.

---

[1] Barkan agrees to reimburse for reasonable out-of-pocket expenses associated with providing the second Source Code Computer.

e.    The receiving Party, at its own expense, may request that the producing Party install licensed software on the Source Code Computers to assist with review of the producing Party's Source Code. To allow the Producing Party reasonable time to prepare the Source Code Computers, the receiving Party must provide the Producing Party the computer medium (CD or DVD) containing the requested software tools at least seven (7) days in advance of the inspection. In the event such software tool(s) require access to the Internet to complete the installation process, the receiving Party shall provide the Producing Party at least an additional three (3) days in advance of the inspection to complete the installation process. Such timely requests for the installation of such software will not be unreasonably denied so long as the requested software is compatible with the operating system and other software necessary to make the Source Code available for inspection, installed on the Source Code Computers, and does not side-step any of the security features enabled on the Source Code Computers (e.g., enable connection and use of USB thumb drives). Notwithstanding the foregoing, the software tools shall not include compilers or other software that would be used to create binary or executable code from the Source Code Material. The producing Party will install and confirm installation of said software on the Source Code Computers prior to the date the receiving Party seeks access.

f.    The producing Party will produce Source Code Material in computer searchable format on the Source Code Computers as described above.

g.    Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.

h.    A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

i.    No written or electronic record of the Source Code Material is permitted except as expressly permitted herein. The Producing Party may keep a daily written log of the names of persons who enter the secure room to view the Source Code Material and the times at which they enter and depart. The Receiving Party's outside counsel

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or analysis shall count as a disclosure to a single consultant or expert.

and/or experts shall be responsible for removing all materials from the secure room that may contain work product and/or attorney client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session;

j.      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

k.      Unless otherwise agreed to by the Parties, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

l.      The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, which shall not exceed 50 consecutive pages and 1,000 total pages, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Receiving Party may have up to four (4) copies of the printouts of Source Code Materials, but may not make further photocopies of the Source Code Materials beyond those four (4) copies. The receiving Party shall maintain a log of all such files that are printed or photocopied. Source code shall be printed and photocopied solely for use in depositions, expert reports, trial, or other court filings or disclosures. Source code shall not be printed or photocopied for the purpose of permitting review outside of the location of the Source Code Computers. Upon a Receiving Party's request for a printout or photocopy of any Source Code Material, the Producing Party shall have five (5) business days to provide such printout or photocopy to the Receiving Party. The Producing Party will consider reasonable requests from the Receiving Party to print more than 1,000 total pages and/or 50 consecutive pages of Source Code Material. To the extent that the Producing Party objects to any request to print or photocopy source code, the parties shall meet and confer in good faith to resolve any such objection. The burden shall be on the objecting party to seek a protective order regarding any objection to printouts or photocopies of source code, except to the extent said objection is for providing printouts and photocopies that exceed the numerical limits set forth in this paragraph;

m.      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

n.      If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.

The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

o.      All copies of any portion of the Source Code Material shall be returned to the Producing Party or destroyed within 60 days of final termination of this Action, including any appeals. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather the deposition record will identify the exhibit by its production numbers; and

p.      A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(g) above to another person authorized under paragraph 10(g) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer without prior consent from the producing Party or as necessary to file with the Court or serve documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically under seal.

11.     Any attorney representing Plaintiff, whether in-house or outside counsel, and any person who is both associated with Plaintiff and permitted to receive any Defendant's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, any Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of base stations on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. This provision

does not prohibit Plaintiff's counsel of record or experts in this litigation from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving any patent, including the patents-in-suit, provided they (1) do not rely upon or use, directly or indirectly, Defendant's HIGHLY SENSITIVE MATERIAL in those proceedings and (2) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of base stations. For clarity and avoidance of doubt, in-house or outside counsel of any Defendant in this action are not subject to this Prosecution Bar even if they have received any other Party's non-technical CONFIDENTIAL information or non-technical RESTRICTED – ATTORNEYS' EYES ONLY information other than through a violation of this Order.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client

11

privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall (1) gather, destroy, and certify destruction of all copies of such documents, information, or other material to the producing Party; or (2) gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The receiving Party shall also destroy any created derivative document such as a summary or comment on the inadvertently produced information. The receiving Party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent or unintentional production. If a claim is disputed, the receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party,

(ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling

13

requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.     The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing

or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

23.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 10th day of June, 2021.**

RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:21-cv-00034-JRG** |
| | **JURY TRIAL DEMANDED** |
| **T-MOBILE US, INC., T-MOBILE USA, INC., AND NOKIA OF AMERICA CORPORATION,** | |
| **Defendants.** | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," "SPRINT LITIGATION – OUTSIDE COUNSEL ONLY"; or

"SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY," that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," "SPRINT LITIGATION – OUTSIDE COUNSEL ONLY," or "SAMSUNG/VERIZON LITIGATION – OUTSIDE COUNSEL ONLY," that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____