**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BARKAN WIRELESS IP HOLDINGS, L.P., | |
| *Plaintiff*, | CIVIL ACTION NO. 2:21-CV-34-JRG |
| v. | |
| T-MOBILE US, INC., T-MOBILE USA, INC., and NOKIA OF AMERICA CORPORATION, | JURY TRIAL DEMANDED |
| *Defendants*. | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT**
**DAMAGES BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH 35 U.S.C. § 287**

████████████████████████████

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................... 2

III.   LEGAL STANDARD ........................................................................................ 2

IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF") ................................ 3

    A.    Barkan Licensed Products Covered by the Asserted Patents on ████████ ................. 3

    B.    The ████████████ Were Not Marked nor Did Barkan Make Any Effort to
Have Them Marked ........................................................................................ 4

    C.    Before Filing Its Complaint, Barkan Did Not Provide Actual Notice of
Defendants' Alleged Infringement. ..................................................................... 5

    D.    Defendants Identified the ████████████ as Unmarked Products, and Barkan
Has Adduced No Evidence that Those Products Should Not Have Been Marked. .......... 6

V.    ARGUMENT ................................................................................................ 7

    A.    Defendants Articulated Unmarked Products that Practice the Asserted Patents ............. 7

    B.    Barkan Bears the Burden to Prove Compliance with the Marking Statute ...................... 8

        1.    Barkan Cannot Show Pre-Suit Constructive or Actual Notice ................................. 8

        2.    Barkan Has Not Shown that the ████████████ Do Not Practice the Asserted
Patents. ................................................................................................. 9

    C.    Barkan's Failure to Satisfy the Marking Requirements Precludes the Recovery of
Damages for the Entire Pre-Suit Period. .......................................................... 13

VI.   CONCLUSION ............................................................................................ 15

i

████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994)............................................................................2, 9

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
    876 F.3d 1350 (Fed. Cir. 2017)........................................................ *passim*

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
    950 F.3d 860 (Fed. Cir. 2020)........................................................... *passim*

*Blitzsafe Tex., LLC v. Honda Motor Co.*,
    No. 2:15-cv-1274-JRG-RSP, 2017 U.S. Dist. LEXIS 58358
    (E.D. Tex. Jan. 26, 2017) ................................................................12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)........................................................................13

*Gammino v. Sprint Commc'ns Co.*,
    No. 10-2493, 2011 U.S. Dist. LEXIS 83459 (E.D. Pa. July 29, 2011)...................11

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
    No. 2:16-CV-134-JRG-RSP, 2017 WL 2869352 (E.D. Tex. Apr. 19, 2017)........................12

*Google Inc. v. Beneficial Innovations, Inc.*,
    No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824
    (E.D. Tex. Aug. 22 2014) ................................................................11, 12

*KAIST IP US LLC v. Samsung Elecs. Co.*,
    No. 2:16-CV-01314-JRG-RSP, 2018 U.S. Dist. LEXIS 234952
    (E.D. Tex. May 22, 2018) ................................................................9

*LG Elecs., Inc. v. Hitachi, Ltd.*,
    655 F. Supp. 2d 1036 (N.D. Cal. 2009) ................................................11

*Lubby Holdings LLC v. Chung*,
    No. 2019-2286, 2021 U.S. App. LEXIS 26345 (Fed. Cir. Sept. 1, 2021) ................................3

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)............................................................2, 8

*Oyster Optics, LLC v. Coriant Am., Inc.*,
    No. 2:16-CV-01302-JRG, 2018 U.S. Dist. LEXIS 236708 (E.D. Tex. 2018)...................11, 12

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  965 F.3d 1299 (Fed. Cir. 2020),
  *cert. denied*, No. 20-1289, 2021 U.S. LEXIS 1931 (2021) ....................................................10

*Qualcomm Inc. v. Apple Inc.*,
  No. 17-cv-1375, 2019 U.S. Dist. LEXIS 18551 (S.D. Cal. Feb. 5, 2019)................................3

*Semcon IP Inc. v. Huawei Device USA Inc.*,
  No. 2:16-cv-00437-JRG- RSP, 2017 U.S. Dist. LEXIS 204266
  (E.D. Tex. Dec. 12, 2017)........................................................................................................8

*Team Worldwide Corp. v. Academy, Ltd.*,
  No. 2:19-cv-00092-JRG-RSP, 2021 U.S. Dist. LEXIS 92766
  (E.D. Tex. May 3, 2021) (Payne, Mag. J.)
  (*R & R adopted*, 2021 U.S. Dist. LEXIS 93684 (E.D. Tex. May 18, 2021)) ..........1, 12, 14, 15

*Vanmoor v. Wal-Mart Stores, Inc.*,
  201 F.3d 1363 (Fed. Cir. 2000)..............................................................................................11

**Statutes**

35 U.S.C. § 287 .................................................................................................................... *passim*

████████████████████████████████

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition |
|---|---|
| '284 Patent | U.S. Patent No. 8,014,284 |
| '312 Patent | U.S. Patent No. 8,559,312 |
| '638 Patent | U.S. Patent No. 9,392,638 |
| Asserted Patents | Collectively, the '284 Patent, '312 Patent, and '638 Patent |
| Barkan | Plaintiff Barkan Wireless IP Holdings L.P. |
| Samsung | Collectively, Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc. |
| Samsung Case | The litigation titled: *Barkan Wireless IP Holdings, L.P. v. Samsung Electronics Co., Ltd., et al.*, No. 2:18-cv-28-JRG (E.D. Tex. 2018). |
| Sprint Case | The litigation titled: *Barkan Wireless IP Holdings, L.P. v. Sprint Corp., et al.*, No. 2:19-cv-336-JRG (E.D. Tex. 2019). |
| ██████████ | Collectively, the following products: █████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████ |
| Sprint | Collectively, Defendants Sprint Communications Company L.P., Sprint Solutions, Inc., and Sprint Spectrum L.P. |
| Verizon | Collectively, Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless |

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| Ex. A | Deposition Transcript of Moti Barkan (October 1, 2020) ("Moti Dep. in Sprint Case") |
| Ex. B | Plaintiff's Objections and Responses to Defendants' First Set of Requests for Admission (October 5, 2020) ("Barkan RFA Resps. in Sprint Case") |
| Ex. C | Settlement and Patent License Agreement between ███████████ ████████████████████████████ |
| Ex. D | Barkan's Disclosure of Asserted Claims and Infringement Contentions in the Samsung Case (May 8, 2018) ("Barkan PICs in Samsung Case") |
| Ex. E | Expert Report of Dr. Gary Lomp Regarding Infringement, submitted as part of the Samsung Case  (March 29, 2019) ("Barkan Infring. Rep. in Samsung Case") |
| Ex. F | Deposition Transcript of ████████████████████ ████ |
| Ex. G | Spreadsheet of ██████████████████████ ██████████████████ |
| Ex. H | Samsung Certification of Business Records (September 8, 2020) ████████ |
| Ex. I | Expert Report of Edwin A. Hernandez-Mondragon (October 19, 2020) ("Barkan Infring. Rep. in Sprint Case") |
| Ex. J | First Supplemental Expert Report of Dr. Edwin A. Hernandez-Mondragon Regarding Infringement (November 18, 2020) ("Barkan First Supplemental Infring. Rep. in Sprint Case") |
| Ex. K | Plaintiff's Objections and Responses to Defendants' First Requests for Admission (August 9, 2021) ("Barkan RFA Resps.") |
| Ex. L | Deposition Transcript of Dr. Elad P. Barkan (August 2, 2021) ("Elad Dep.") |
| Ex. M | Deposition Transcript of Moti Barkan (August 11, 2021) ("Moti Dep.") |
| Ex. N | T-Mobile's First Supplemental Objections and Responses to Barkan's First Set of Common Interrogatories (July 12, 2021) ("T-Mobile ROG Resps.") |

████████████████████████████████

| Exhibit No. | Description |
|:-----------:|:------------|
| Ex. O | Letter from Matthew W. Cornelia to Max Tribble, Jr., dated July 9, 2021 ("Cornelia Ltr. dated July 9, 2021") |
| Ex. P | Letter from John D. Haynes to Max Tribble, dated July 13, 2021 ("Haynes Ltr. dated July 13, 2021") |
| Ex. Q | Letter from John D. Haynes to Max Tribble, dated June 4, 2021 ("Haynes Ltr. dated June 4, 2021") |
| Ex. R | Nokia's Second Supplemental Objections and Responses to Barkan's First Set of Common Interrogatories (Nos. 3-10) (August 9, 2021) ("Nokia ROG Resps.") |
| Ex. S | Plaintiff's Objections and Responses to Defendants' First Set of Common Interrogatories to Barkan (Nos. 1-12) (August 9, 2021) ("Barkan ROG Resps.") |
| Ex. T | Expert Report of Dr. William Mangione-Smith Regarding Infringement (August 19, 2021) ("Barkan Infring. Rep.") |
| Ex. U | E-mail from Bill O'Connell, dated June 16, 2021 ("O'Connell Email dated June 16, 2021") |
| Ex. V | Settlement and Patent License Agreement between ████████ ████████████████████ |

████████████████████████████████████████████████████

## I.      INTRODUCTION

Defendants Nokia of America Corporation ("Nokia"), T-Mobile USA, Inc., and T-Mobile US, Inc. (collectively, "T-Mobile") respectfully request summary judgment precluding Barkan from obtaining pre-suit damages for the Asserted Patents due to Barkan's failure to comply with 35 U.S.C. § 287(a). Specifically, since ████████████████████ have sold and offered for sale in the United States the ████████████ which are licensed by Barkan to practice the Asserted Patents and which were previously accused of infringement by Barkan prior to the license. Despite the continued sales of the licensed ████████████ Barkan made no efforts to ensure the ████████ are marked with the Asserted Patents, and these products have not been marked. Nor did Barkan provide actual notice to Nokia or T-Mobile (collectively, "Defendants") of their alleged infringement of any of the Asserted Patents until Barkan served its Complaint in this matter on February 2, 2021 (T-Mobile) and its Amended Complaint on February 4, 2021 (Nokia).

This Court has already made clear that "[i]f a patentee who makes, sells, offers for sale, or imports his patented articles **has *not* given notice of his right by marking his articles pursuant to the marking statute,** he is *not* entitled to damages *before the date of actual notice*"—including damages that accrued prior to the date the marking requirement was triggered. *Team Worldwide Corp. v. Academy, Ltd.,* No. 2:19-cv-00092-JRG-RSP, 2021 U.S. Dist. LEXIS 92766, at *9 (E.D. Tex. May 3, 2021) (Payne, Mag. J.) ("TWW") (*R & R adopted*, 2021 U.S. Dist. LEXIS 93684 (E.D. Tex. May 18, 2021)), (emphasis added) (citing *Arctic Cat Inc. v. Bombardier Rec. Prods.,* 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*")). As in *TWW*, because Barkan failed to provide actual or constructive pre-suit notice of Defendants' alleged infringement, and because Barkan has not shown that the ████████████ do not practice the Asserted Patents, § 287(a) precludes Barkan

---

[1] Capitalized terms are defined in the Table of Abbreviations on page iv, *supra.*

from obtaining pre-suit damages. Because two of the Asserted Patents expired prior to the filing of this action (the '312 and '638 Patents), Barkan can only seek pre-suit damages, so its failure to mark precludes any recovery for any potential infringement with respect to those patents.[2] Early resolution of this motion will thus streamline this action substantially and avoid wasting the Court's resources.

## II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Barkan has failed to establish its entitlement to pre-suit damages for the Asserted Patents in light of its failure to provide actual or constructive notice to Defendants of their alleged infringement before filing suit, where Barkan asserts apparatus claims for each Asserted Patent.

## III.   LEGAL STANDARD

Under 35 U.S.C. § 287(a), patentees making, selling, offering for sale, or importing a product that practices a patent may mark that product with the relevant patent number, thereby providing constructive notice of potential infringement to third parties. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). Although optional, a patentee's failure to mark precludes the recovery of damages for infringement until the patentee provides actual notice of its claim of infringement to the alleged infringer or begins to mark. 35 U.S.C. § 287(a); *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 863-64 (Fed. Cir. 2020) ("*Arctic Cat II*"). The same limitation on damages applies to products sold through licensees where the patentee does not make "reasonable efforts to ensure compliance with the marking requirements." *Maxwell*, 86 F.3d at 1111-12. Importantly, actual notice is not "merely notice of the patent's existence or ownership;" it requires "affirmative communication of a *specific* charge of infringement by a *specific* accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (emphasis added).

"[A]n alleged infringer who challenges a patentee's compliance with § 287 bears an initial

---

[2] Should the Court grant this motion, effectively only one patent will remain in the case.

burden of production to identify the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. This initial burden presents a "low bar." *Id.* Once the alleged infringer identifies unmarked "patented articles," the patentee then "bears the burden to prove the products identified do not practice the patented invention," and "at all times" bears "[t]he burden of proving compliance with marking." *Id.* at 1367-68; *see also Lubby Holdings LLC v. Chung*, No. 2019-2286, 2021 U.S. App. LEXIS 26345, at *9 (Fed. Cir. Sept. 1, 2021). If a patentee fails to present evidence of compliance, summary judgment is appropriate. *Qualcomm Inc. v. Apple Inc.*, No. 17-cv-1375 DMS(MDD), 2019 U.S. Dist. LEXIS 18551, at *13 (S.D. Cal. Feb. 5, 2019) (granting summary judgment on issue of pre-suit damages where the plaintiff failed to present "any evidence" that it complied with § 287's marking requirement).

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF")

### A. Barkan Licensed Products Covered by the Asserted Patents on



1.      In the Samsung Case, Barkan accused Samsung and Verizon of infringing the same Asserted Patents at issue in this case by selling the ███████████████. *See* Ex. K (Barkan RFA Resps.) at No. 1 (████████████████████████████████████████████████); Ex. B (Barkan RFA Resps. in Sprint Case) at No. 18 (same); Ex. D (Barkan PICs in Samsung Case) at 2-3 (████████████████████████████████████████████████████████████████████████); Ex. E (Barkan Infring. Rep. in Samsung Case), ¶¶ 4, 8, 49 (stating that the expert r████████████████████████████████████████████████████████████████████████████████).

2.      In settling that lawsuit, on ████████ Barkan entered a license agreement with ██████████████████████████████████████████████████████ *See* Ex. A (Moti. Dep. in Sprint Case) at 43:17-44:24 (testimony of Mr. Moti

█████████████████████████████████████

Barkan that ████████████████████████████ ); Ex. L (Elad Dep.) at

230:1-5, 232:21-24 (testimony of Dr. Elad Barkan regarding the ████████████████

████████████████████████ ); Ex. C (███████████████ ) §§ 1.2, 1.7, 2.1

(████████████████████████████████████████████████████

████████████████████████ ); *see also* Ex. V (███████████████ ).

3.      Both Samsung and Verizon have ████████████████████████

█████████████████████████████████████████████████

████████████████ *See* Ex. F (███████ ) at 5:22-7:18 (testifying that ███████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████ ); Ex. G (███████████████ ) (spreadsheet of ███████

█████████████████████████████████████████████████

███████████████████████████████████████████████ );

Ex. H (Declaration of ████████████████████████████ confirming

the ████████████████████████████████████████████████

███████████████████████████████████████████ ).

**B.      The ████████████████ Were Not Marked nor Did Barkan Make Any Effort to Have Them Marked**

4.      Despite providing a license to ████████████████████████

████████████████████ , Barkan's license agreement with ████████████████████

████████████████████████████████████ . Ex. K (Barkan RFA Resps.)



at No. 3; Ex. B (Barkan RFA Resps. in Sprint Case) at No. 20; Ex. C (████████████████).

5.      Neither did Barkan otherwise request that ████████████████████████████

████████████████. Ex. K (Barkan RFA Resps.) at No. 17, 18; Ex. B (Barkan RFA Resps. in

Sprint Case) at Nos. 28, 30.

6.      ████████████████████████████████████████████████████████

████████ Ex. F (████████) at 7:22-8:10.

### C. Before Filing Its Complaint, Barkan Did Not Provide Actual Notice of Defendants' Alleged Infringement.

7.      Barkan did not provide actual notice to T-Mobile of T-Mobile's alleged infringement of the

Asserted Patents until serving the Complaint in this action on February 2, 2021. Dkt. 1; *see* Ex. K

(Barkan RFA Resps.) at No. 21 (providing no evidence that Barkan provided actual notice of

infringement to T-Mobile prior to February 2, 2021).

8.      Barkan did not provide actual notice to Nokia of Nokia's alleged infringement of the

Asserted Patents until Barkan filed its Amended Complaint on February 4, 2021. Dkt. Nos. 1, 16; 34

at 5-6 (Nokia's Motion to Dismiss for Failure to State a Claim, alleging no pre-suit notice); *see* Ex.

K (Barkan RFA Resps.) at No. 20 (providing no evidence that Barkan provided actual notice of

infringement to Nokia prior to February 2, 2021).

9.      Barkan's corporate representative, Moti Barkan, testified that he was not aware of any pre-

suit communications between Barkan, on the one hand, and Nokia or T-Mobile on the other regarding

any alleged infringement of the Asserted Patents. Ex. M (Moti Dep.) at 158:19-160:12 (testifying

t████████████████████████████████████████████████████

████); 107:24-109:10 (testifying that ██████████████████████████████████

████████████████████); 

10.     Barkan failed to provide notice to either Nokia or T-Mobile of their alleged infringement



despite believing for many years that Defendants sold products that allegedly infringe the Asserted Patents. Ex. M (Moti Dep.) at 104:8-105:23 (Mr. Moti Barkan testifying that ███████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████), 105:24-106:21 (stating that i██████████████████ ██████████████████████████████████████████████████).

**D. Defendants Identified the ████████████ as Unmarked Products, and Barkan Has Adduced No Evidence that Those Products Should Not Have Been Marked.**

11.     On July 9, 2021, T-Mobile identified a violation of the marking requirement based on the ████████████ licensed by Barkan. Ex. O (Cornelia Ltr. dated July 9, 2021) at 2 (identifying the ████████████ that Barkan failed to mark); *see also* Ex. N (T-Mobile ROG Resps.) at 23-24 (stating and citing evidence that Barkan failed in its marking obligations and identifying the ████ ███████████████████████████████████████).

12.     Nokia provided a similar identification of licensed ████████████ that should have been marked to Barkan on July 13, 2021. Ex. P (Haynes Ltr. dated July 13, 2021) at 2 (identifying ████ ████████ and Barkan's failure to mark); *see also* Ex. Q (Haynes Ltr. dated June 4, 2021) at 3 (same); Ex. R (Nokia ROG Resps.) at 20-22 (stating and citing evidence that Barkan failed in its marking obligations and identifying the ██████████████████████████████████████).

13.     Since Defendants' identification of licensed ████████████ that should have been marked, Barkan has produced no evidence to establish its compliance with the marking statute or to establish the ████████████ do not practice the Asserted Patents. Barkan's own interrogatory response regarding the ████████████ does not identify any basis on which the ████████████ do not practice the Asserted Patents. Ex. S (Barkan ROG Resps.) at 23, 26-28.[3]

---

[3] Asked to "describe the complete legal and factual bases for [its] contention (if any) that the marking and notice requirements of 35 U.S.C. § 287 have been met," Barkan responded with respect to the ████████████ only by pointing to ██████████████████████████████████ and

14.     Barkan similarly provided no evidence of compliance with the marking statute despite requests for such information from opposing counsel for Nokia and T-Mobile. Ex. O (Cornelia Ltr. dated July 9, 2021) at 2; Ex. P (Haynes Ltr. dated July 13, 2021) at 2-3; *see also* Ex. Q (Haynes Ltr. dated June 4, 2021) at 4; *see also* Ex. U (O'Connell Email dated June 16, 2021) at 1 (Barkan's response to Nokia's June 6, 2021 Ltr.).

15.     Barkan's infringement expert does not opine that the ██████████ do not practice the Asserted Patents. *See* Ex. T (Barkan Infring. Rep.) (providing no discussion of whether the ██████ ██████ practice the Asserted Patents); Exs. I-J (Barkan Initial and First Supplemental Infring. Reps. in Sprint Case) (same).

## V.      ARGUMENT

### A. Defendants Articulated Unmarked Products that Practice the Asserted Patents

Defendants have the initial burden to articulate the existence of unmarked products sold or licensed by Barkan that it believes practice the Asserted Patents. *Arctic Cat I*, 876 F.3d at 1368. Defendants' letters and interrogatory responses to Barkan on this issue were more than sufficient to satisfy this "low bar." *Id.*; Ex. N (T-Mobile ROG Resps.) at 23-24; *see also* Ex. O (Cornelia Ltr. dated July 9, 2021) at 2; Ex. P (Haynes Ltr. dated July 13, 2021) at 2; *see also* Ex. Q (Haynes Ltr. dated June 4, 2021) at 3; Ex. R (Nokia ROG Resps.) at 20-22; SUMF at ¶¶ 11-12. Indeed, in the Samsung Case, Barkan alleged that the ██████████ infringed the Asserted Patents and ███████████████████████████████████████████████████████████ ████████████████████████, ████████████████████████████████████

_____

stating that ██████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████████████████████████ Ex.
S (Barkan ROG Resps.) at 26-27. The remainder of Barkan's response to Interrogatory No. 7 relates to ██████████████████ products not subject of this motion.



Ex. K (Barkan RFA Resps.) at No. 1; Ex. C (█████████████████████) at 3, 20 (§ 2.1); SUMF at ¶¶ 1-2. Both ███████████████  ███████████████ ████████████████████████████████████████████████████. Ex. F (████████████) at 5:22-6:20; Ex. G (████████ █████████); Ex. H (██████████); SUMF at ¶ 3. None of the l████████████████████████████ ███████████████████████. Ex. K (Barkan RFA Resps.) at No. 3; Ex. B (Barkan RFA Resps. in Sprint Case) at Nos. 28, 30; Ex. F ████████) at 7:22-8:10; SUMF at ¶¶ 4-6.

**B. Barkan Bears the Burden to Prove Compliance with the Marking Statute**

Because Defendants met their burden to articulate unmarked products that practice the Asserted Patents — including in their responses to Barkan's discovery requests, *see* Ex. N (T-Mobile ROG Resps.) at 23-24; Ex. R (Nokia ROG Resps.) at 20-22; SUMF at ¶¶ 11-12 — Barkan bears the burden of proof to show either that it provided constructive or actual notice to Defendants of their alleged infringement or that the ████████████████████ do not practice the Asserted Patents. *Arctic Cat I*, 876 F.3d at 1368; *see also Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, 2017 U.S. Dist. LEXIS 204266, at *9 (E.D. Tex. Dec. 12, 2017) (finding that a defendant had met its burden of production under *Arctic Cat I* by, as here, identifying a product licensed by the plaintiff pursuant to a settlement agreement in earlier litigation). Barkan has done neither.

**1.    Barkan Cannot Show Pre-Suit Constructive or Actual Notice**

To satisfy its burden of showing constructive notice, Barkan must provide evidence of "substantially consistent and continuous" marking of the ███████████████ or that it made "reasonable efforts to ensure compliance" with the marking statute. *Maxwell*, 86 F.3d at 1111-1112. To that end, Barkan concedes that it never requested that █████████████████████████████████ Ex. K (Barkan RFA Resps.) at No. 3; Ex. B (Barkan RFA Resps. in Sprint Case) at Nos. 28, 30; SUMF at ¶ 4. Indeed, the ███████████████████████████████████████████

███████████████████████████████████████████████

████████ Ex. C (███████████████████); SUMF at ¶ 4. Neither did Barkan ███████████

███████████████████████████████████████████████. Ex. K (Barkan RFA

Resps.) at No. 17, 18; Ex. B (Barkan RFA Resps. in Sprint Case) at Nos. 28, 30; SUMF at ¶ 5. And

a representative ███████████████████████████████████████████

████████████████████████. Ex. F (███████.) at 8:3-6; SUMF at ¶ 6. As such, no

genuine dispute of material fact remains as to Barkan's failure to mark, or to make reasonable efforts

to mark, the Samsung Products.

Barkan also has not adduced evidence that it provided actual notice to Defendants of their

alleged infringement before filing the instant lawsuit. Actual notice requires more than "notice of the

patent's existence or ownership"; it requires "affirmative communication of a *specific* charge of

infringement by a *specific* accused product or device." *Amsted Indus. Inc.*, 24 F.3d at 187 (emphasis

added). By Barkan's own admission, it has no evidence that it notified Defendants of alleged

infringement by a specific T-Mobile or Nokia product. Ex. M (Moti Dep.) at 107:24-109:10, 158:19-

160:12 (Barkan's 30(b)(6) representative admitting ███████████████████████

████████████████████████████████; Ex. K (Barkan RFA Resps.) at 20,

21 (Barkan stating in an RFA response that Barkan "lacks knowledge or information after making a

reasonable inquiry as to whether [Nokia or] T-Mobile had actual notice prior to this lawsuit that its

products infringe the claims of the Asserted Patents"); *see* SUMF ¶¶ 7-10. Ultimately, "the correct

approach to determining notice under § 287 *focuses on the patentee's actions* rather than the

knowledge or understanding of the infringer," and Barkan has no evidence of any affirmative actions

on its part to provide actual notice to Defendants. *KAIST IP US LLC v. Samsung Elecs. Co.*, No.

2:16-CV-01314-JRG-RSP, 2018 U.S. Dist. LEXIS 234952, at *10 (E.D. Tex. May 22, 2018)

(emphasis added) (citing *Amsted Indus.*, 24 F.3d at 187).

      **2.**    **Barkan Has Not Shown that the** ███████████ **Do Not Practice the**

████████████████████████████████████████████████

**Asserted Patents.**

Because Barkan has adduced no evidence of either reasonable efforts to mark the ████

████ or pre-suit actual notice, Barkan must show that the ████████████ do not practice the

Asserted Patents to avoid § 287's limitation on damages. *Arctic Cat I*, 876 F.3d at 1368. Barkan has

utterly failed to meet its burden in this regard. Instead, Barkan simply argues that whether the

████████████ infringed the Asserted Patents remains unresolved, because ████████████

████████████████████████████████. Ex. S (Barkan ROG

Resps.) at 23, 26-28; *see* SUMF at ¶¶ 13-14. Further, Barkan's technical expert does not opine that

████████████████████████████. *See* Ex. T (Barkan Infring. Rep.)

(████████████████████████████████); Exs. I-J

(Barkan Initial and First Supplemental Infring. Reps. in Sprint Case) (same); SUMF at ¶ 15. As a

fallback position, Barkan argues that ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████. Ex. L (Elad Dep.) at 234:19-235:13. Neither argument satisfies Barkan's burden.

First, relying on ████████████████████████

████████████ does not satisfy Barkan's burden. *Arctic Cat I* makes clear that it is the

patentee's "burden to **prove** those products – once identified – do not practice the patent-at-issue."

876 F.3d at 1369 (emphasis added). Merely relying on ████████████

████████████████████ is insufficient. *Packet Intelligence LLC v.*

*NetScout Sys., Inc.*, 965 F.3d 1299, 1313-14 (Fed. Cir. 2020) (granting judgment as a matter of law

to the defendant on marking issue after the plaintiff failed to present "substantial evidence" that a

specific unmarked product identified by the defendant did not practice the asserted patent), *cert.*

*denied*, No. 20-1289, 2021 U.S. LEXIS 1931 (2021).

Second, as this Court has repeatedly recognized, a "patentee's accusations of infringement serve as a ***binding admission***' that the accused device embodies all elements of the asserted claims." *Google Inc. v. Beneficial Innovations, Inc.*, No. 2:11-cv-00229-JRG-RSP, 2014 U.S. Dist. LEXIS 116824, at *13 (E.D. Tex. Aug. 22 2014) (quoting *Gammino v. Sprint Commc'ns Co.,* No. 10-2493, 2011 U.S. Dist. LEXIS 83459, at *21-22 (E.D. Pa. July 29, 2011) and citing *Vanmoor v. Wal-Mart Stores, Inc.,* 201 F.3d 1363, 1366 (Fed. Cir. 2000));[4] *Oyster Optics, LLC v. Coriant Am., Inc.*, No. 2:16-CV-01302-JRG, 2018 U.S. Dist. LEXIS 236708, at *23-24 (E.D. Tex. 2018) (holding that a patent owner "must be held to the consequence" of its infringement contentions in a prior case); *see also LG Elecs., Inc. v. Hitachi, Ltd.*, 655 F. Supp. 2d 1036, 1044 (N.D. Cal. 2009) (patent owner "is bound by its contentions," "according to [patent owner's] own theory of infringement, the parts substantially embody the patents, and [patent owner] cannot claim otherwise."). Notably, in *Google*, the Court did not differentiate between allegations made in the same case and allegations made in a related case. 2014 U.S. Dist. LEXIS 116824, at *2-5. In *Google*, the patent owner (Beneficial) had settled with Google and granted Google's customers a license for use of Google's licensed products that had been accused of direct or indirect infringement. *Id.* at *2-3. Beneficial then sued Google's customers, and Google countersued Beneficial for breach of contract, a claim which required Google to show direct infringement by its customers. *Id.* In sustaining the jury's verdict in favor of Google, this Court held that Google was entitled to use the patent owner's infringement allegations from the patent owner's ***previous*** cases against Google's customers as sufficient evidence of direct

---

[4] In *Vanmoor*, the Federal Circuit held that when an item identified as anticipating prior art is the same as that which the patentee previously contended to be infringing, the patentee's infringement contentions alone satisfy the accused infringer's burden to prove anticipation. 201 F.3d at 1367. In reaching its decision in *Google*, this Court found the Federal Circuit's reasoning in *Vanmoor* "instructive." 2014 U.S. Dist. LEXIS 116824, at *13.

infringement. *Id.* at *4-5. Here, as in *Google* and *Oyster Optics*, Barkan cannot meet its burden of proof by simply pointing to ███████████████████████████ To the contrary, Barkan should be bound by ████████████████████████████████████████ ███████████████████████████.

In its Interrogatory responses, Barkan seeks to dodge both its prior allegations and its burden of proof by relying on the Court's decisions in *Blitzsafe*[5] and *Godo Kaisha.*[6] Those cases note that arguments that a patentee "previously alleged that . . . products practiced the [patents-in-suit] . . . fall short of conclusively establishing the existence of an unmarked patented product, at least because [the defendants] specifically denied [the patentee's] infringement allegations." Ex. S (Barkan ROG Resps.) at 26-27. These decisions, however, have no application here. Both *Blitzsafe* (issued in January 2017) and *Godo Kaisha* (issued in April 2017) were decided before the Federal Circuit issued its decision in *Arctic Cat I* in December 2017. *Godo Kaisha* relied on *Blitzsafe* to assert that "the burden of showing whether a particular product required marking" fell on the alleged infringer, although recognizing that the Federal Circuit had not at that time "provide[d] specific guidance." 2017 WL 2869352, at *1. The Federal Circuit, however, provided that guidance eight months later in *Arctic Cat I*, clarifying that the burden to prove that an unmarked product does not require marking falls exclusively ***on the patentee***. 876 F.3d at 1366. Notably, in *TWW*, a decision that post-dates both *Arctic Cat I* and *Arctic Cat II*, this Court held that a plaintiff "failed to produce sufficient evidence to show a genuine issue of fact" as to whether identified products practiced the patent-in-suit when the plaintiff "did not deny, argue, or produce evidence whether the 'Licensed [ ] Products' should have been marked." *TWW*, 2021 U.S. Dist. LEXIS 92766, at *15-16. That is exactly the case here.

---

[5] *Blitzsafe Tex., LLC v. Honda Motor Co.*, No. 2:15-cv-1274-JRG-RSP, 2017 U.S. Dist. LEXIS 58358 (E.D. Tex. Jan. 26, 2017).
[6] *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869352 (E.D. Tex. Apr. 19, 2017).

█████████████████████████████████████

*     *     *

Because Barkan bears the burden at trial to prove that the Samsung Products do not practice the Asserted Patents, Defendants' burden at this stage "may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support [Barkan's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Defendants have done just that. Barkan's failure to produce affirmative evidence that the ██████████ do not practice the Asserted Patents, once Defendants identified the sale of licensed un-marked ██████████ in support of their marking defense, is dispositive as to Barkan's failure to comply with § 287. Accordingly, § 287 precludes Barkan from obtaining pre-suit damages.

### C. Barkan's Failure to Satisfy the Marking Requirements Precludes the Recovery of Damages for the Entire Pre-Suit Period.

Because Barkan has not met its burden to show compliance with the marking requirements, § 287 limits Barkan's recovery to only those damages accrued on and after the date it provided actual notice to Defendants — in this case, February 2, 2021 for T-Mobile, and February 4, 2021 for Nokia. Section 287's limitation on Barkan's potential damages recovery applies even though Barkan licensed the unmarked Samsung Products for only part of the pre-suit period.

Indeed, in *Arctic Cat II* the Federal Circuit addressed an analogous situation in which the sale of unmarked products ceased before the filing of the infringement suit, meaning the patentee's duty to mark ran for only part of the pre-suit damages period. 950 F.3d at 864. In holding that "the cessation of sales of unmarked products [does not] excuse[] noncompliance with the notice requirement of § 287 such that a patentee may recover damages for the period after sales of unmarked products ceased but before the filing of a suit for infringement," the Federal Circuit opined that "[w]hile § 287 describes the conduct of the patentee in the present tense, the consequence of a failure to mark is not so temporally limited." *Id.* at 864-65. Instead, the Federal Circuit interpreted § 287 as prohibiting the recovery of "*any* damages in a subsequent action for infringement after a failure to

13

mark, rather than merely a reduced amount of damages in proportion to the amount of time the patentee was actually practicing the asserted patent." *Id.* at 865. The Federal Circuit reasoned that interpreting § 287's damages limitation without temporal restrictions best incentivized patentees to achieve the purposes of the marking statute, namely: "(1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented." *Id.* (quoting *Arctic Cat I*, 876 F.3d at 1365).

Although the facts in *Arctic Cat II* addressed the prospective preclusion of pre-suit damages when a patentee starts selling unmarked products but then stops those sales before filing an infringement suit, this Court has made clear that the Federal Circuit's interpretation of § 287 in *Arctic Cat II* also requires the preclusion of pre-suit damages in instances when, as here, the patentee sells or licenses unmarked products after the beginning of the pre-suit damages period but before the filing of an infringement suit. Specifically, in *TWW*, the plaintiff asserted infringement of a patent that it had previously asserted against Wal-Mart in 2017. 2021 U.S. Dist. LEXIS 92766, at *12. The parties settled on September 20, 2018, with an agreement that gave Wal-Mart a license to sell certain "covered products." *Id.* at *12-14. Several months later, the plaintiff filed suit against Academy and others. Academy moved for summary judgment to preclude the plaintiff from seeking *any* pre-suit damages on the grounds that the products sold by Wal-Mart after the 2018 license were not marked, and thus that the plaintiff had failed to comply with 35 U.S.C. § 287(a). *Id.* at *12-16.

In an R & R, Judge Payne recommended granting the motion for summary judgment and precluding the plaintiff "from seeking pre-suit damages." *TWW*, 2021 U.S. Dist. LEXIS 92766, at *16. In his analysis of the law Judge Payne stated:

> If a patentee who makes, sells, offers for sale, or imports his patented articles **has *not* given notice of his right by marking his articles pursuant to the marking statute,** he is *not* entitled to damages *before the date of actual notice.*
> . . .

14

> To prevent gamesmanship, the Court cannot allow infringers to allege failure to mark without identifying any products . . . . Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention or are marked. If the patentee does not make this showing, **it *cannot* recover damages *before* the date of actual notice.**

*Id.* at *9-10 (emphasis added) (citation omitted).

Thereafter, the plaintiff filed a request for clarification stating that it believed "the phrase 'pre-suit damages' should not and was not intended to apply before Sept. 20, 2018 [when the plaintiff has no license]." *See TWW,* No. 2:19-cv-00092-JRG-RSP (E.D. Tex. May 4, 2021), Dkt. 396 at 1. Without waiting for a response from Academy, Judge Payne rejected the plaintiff's argument and issued an Order affirming the R & R on the marking issue. *See TWW,* 2021 U.S. Dist. LEXIS 88505, at *5. Judge Payne's clarification explained: "[t]he R&R precludes *all* pre-suit damages prior to the date of actual notice, as is consistent with Federal Circuit precedent." *Id.* (citing *Arctic Cat II,* 950 F.3d at 865-66). Judge Payne explicitly rejected the plaintiff's arguments that barring all pre-suit damages "would make no sense." *Id.* at *6. Judge Payne further acknowledged that his conclusion to bar *all* pre-suit damages "is actually just a consequence of the harsh remedy that Congress decided was necessary to incentivize marking of patented articles." *Id.* This Court adopted Judge Payne's R & R and Clarifying Order on May 18, 2020, further overruling the plaintiff's objections to the same. *TWW,* 2021 U.S. Dist. LEXIS 93684, at *9. Accordingly, what was once an open issue is now established law in the Eastern District of Texas: Barkan's failure to comply with 35 U.S.C. § 287(a) bars it from *any* pre-suit damages prior to the date of actual notice.

## VI.   CONCLUSION

For the reasons set forth above, Defendants respectfully request summary judgment precluding Barkan from obtaining pre-suit damages for the Asserted Patents. Because Barkan seeks *only* pre-suit damages for two of the three asserted patents ('312 Patent and the '638 Patent), those patents should be dismissed from the case entirely.

Respectfully submitted, this 13th day of September, 2021.

*/s/ John D. Haynes*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Holly H. Saporito
Siraj M. Abhyankar
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
john.haynes@alston.com
holly.saporito@alston.com
shri.abhyankar@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
darlena.subashi@alston.com

Adam B. Ahnhut
**ALSTON & BIRD LLP**
2200 Ross Ave, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3453
Facsimile:  (214) 922-3899
adam.ahnhut@alston.com

*Counsel for Defendant*
*Nokia of America Corporation*

16

*/s/ Jason W. Cook*

David E. Finkelson (*pro hac vice*)
Lead Attorney
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219-3916
Tel:  (804) 775-1000
Fax:  (804) 698-2016
dfinkelson@mcguirewoods.com

Jason W. Cook
Texas State Bar No. 24028537
Matthew W. Cornelia
Texas State Bar No. 24097534
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel:  (214) 932-6400
Fax:  (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

Robert W. Weber
Texas State Bar No. 21044800
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75503
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

*Counsel for Defendants*
*T-Mobile US, Inc. and*
*T-Mobile USA, Inc.*

17



**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2021, I electronically filed the foregoing

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT

DAMAGES BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH 35 U.S.C. § 287 with the

Clerk of Court using the CM/ECF system, which will automatically send notification of such filing

upon Counsel of Record.

/s/ *John D. Haynes*
John D. Haynes

18