IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARKAN WIRELESS IP HOLDINGS, L.P., § § § *Plaintiff*, § § v. § § T-MOBILE US, INC., T-MOBILE USA, INC., AND NOKIA OF AMERICA CORPORATION, § § § § § *Defendants*. § | Case No. 2:21-cv-00034-JRG |

## ORDER ON MOTIONS *IN LIMINE*

On November 29, 2021, the Court heard argument at the Pretrial Conference in the above-captioned case regarding a motion *in limine* filed by Plaintiff Barkan Wireless IP Holdings, L.P. Dkt. No. 191) and a motion *in limine* filed by Defendants T-Mobile US, Inc., T-Mobile USA, Inc., and Nokia of America Corporation (collectively, the "Defendants") (Dkt. No. 190).

This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted or agreed. Accordingly, it is hereby **ORDERED** as follows:

    A.    **Joint Stipulation on Motions *in Limine* (Dkt. No. 189)**

On November 8, 2021, the parties submitted agreed motions in limine. This Order memorializes those agreed motions.

1. <u>Agreed MIL No. 1</u>: No party will reference the race, national origin, religion, sexual orientation, or sexual activities of any person, including any party or witness. This agreement shall not be deemed to preclude non-disparaging references to the location where the individual resides or to the individual's employment history or educational background.

2. <u>Agreed MIL No. 2</u>: No party will reference any motions or orders in this case, other than the claim constructions set out in the Court's *Markman* order, including the fact that a party filed motions *in limine* or that the Court granted or denied any requested relief.

3. <u>Agreed MIL No. 3</u>: No party will reference an expert's other affiliations with a party or its counsel on matters not related to the instant action.

4. <u>Agreed MIL No. 4</u>: No party will reference the role or presence in the courtroom of jury consultants or shadow jurors, if any, or the use, if any, of jury consultants or jury study or focus groups to assist with trial preparation, jury selection, or trial.

5. <u>Agreed MIL No. 5</u>: No party will ask questions during voir dire seeking to commit prospective jurors to a particular range or amount of damages. This agreement does not prevent the parties

from asking prospective jurors if they can award an amount of damages that is "fair" or whether there are circumstances in which no damages are "fair."

6. <u>Agreed MIL No. 6</u>: Counsel may not make statements regarding personal beliefs or give personal opinions of the case.

7. <u>Agreed MIL No. 7</u>: No party will offer or present any evidence or argument concerning settlement offers made by any party and any conduct or statements made by any party or a representative of any party during negotiations, communications, or discussions related to settlement.

8. <u>Agreed MIL No. 8</u>: No party will reference privileged material, including asking questions intended to provoke a privileged or protected answer, inquiring into the nature of any fact witness's preparation for testimony with that witness's counsel, or inquiring into the nature of any retained expert's preparation for testimony with that party's counsel. This agreement covers any material that is privileged, including questions justifying a privilege objection or referencing a privilege-log entry.

9. <u>Agreed MIL No. 9</u>: No party will make any reference to contingent fees, fees incurred, or fee agreements for legal services. This agreement is not meant to protect discoverable information from experts, such as hourly rates or bills.

10. <u>Agreed MIL No. 10</u>: No party will reference the size of any law firm representing any party, the geographic location of the law firm's offices, other matters handled by the law firm or any of its lawyers, other clients or types of clients represented by the law firm or lawyers, any disciplinary action or investigation into the law firm or lawyer representing any party, and the wealth of any attorney or law firm.

11. <u>Agreed MIL No. 11</u>: Both parties made objections to form to preserve their rights during depositions. When video or transcripts from such depositions are presented to the jury, all parties will remove all objections, comments, or responses to objections from the subject matter presented to the jury, to the extent practicable.

12. <u>Agreed MIL No. 12</u>: No party will offer any argument or evidence that the Eastern District of Texas is an improper venue in which to try this case, or suggesting that a party lacks sufficient connection to the Eastern District of Texas. This agreement is not meant to preclude a party from offering otherwise admissible evidence about the background of the parties.

13. <u>Agreed MIL No. 13</u>: No party will offer argument, evidence, or testimony referring to Barkan or the Patents-in-Suit in disparaging ways, including as, for example, a "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "torpedo," "playing the lawsuit lottery," "corporate shell," "litigation shell," or a "patent assertion entity." This agreement shall not preclude nondisparaging evidence that Barkan does not manufacture or sell products or that Barkan as an entity licenses and litigates, so long as those terms are used in conjunction with one another.

14. <u>Agreed MIL No. 14</u>: No party will reference or offer any argument or evidence concerning the existence of prior claims or causes of action against Defendants that have been dismissed, abandoned, or dropped by Barkan, including the fact that such claims or causes of actions were previously asserted but have been dismissed, abandoned, or dropped.

15. <u>Agreed MIL No. 15</u>: No party will reference or offer any argument or evidence that the Accused Products do not infringe merely because they practice the prior art. This agreement is not intended to preclude either party from offering evidence, testimony, or arguments that the other party is taking inconsistent infringement and invalidity positions.

16. <u>Agreed MIL No. 16</u>: Defendants will not reference or offer any argument or evidence suggesting that they relied on the advice of counsel that the Patents-in-Suit were invalid or that the Accused Products did not infringe the Patents-in-Suit.

17. <u>Agreed MIL No. 17</u>: Defendants will not reference or offer any argument or evidence suggesting that a judgment in this case will adversely affect the economy or members of the jury, will lead to layoffs, will harm or threaten the financial viability of Defendants, or will harm Defendants' employees or customers.

18. <u>Agreed MIL No. 18</u>: No party will reference or offer any argument or evidence regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other lawsuits, unless the party offering the expert opens the door.

19. <u>Agreed MIL No. 19</u>: No party will reference or offer any argument or evidence regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or stricken by the Court in this action, unless the party offering the expert opens the door. This agreement shall not preclude either party from offering any otherwise admissible argument, evidence, or expert testimony or opinion criticizing the opinions or testimony of the other side's experts.

20. <u>Agreed MIL No. 20</u>: No party will reference or offer any argument or evidence regarding the Sprint settlement agreement.

21. <u>Agreed MIL No. 21</u>: No party will offer any argument, evidence, or suggestion regarding Defendants' total company revenue, profit, or net worth. This agreement shall not preclude either party from offering any argument, evidence, or expert testimony or opinion relating to T-Mobile's profits per user and/or per account, including the methodology for calculating the same, provided that such argument, evidence, or testimony does not disclose T-Mobile's total company revenue, profit, or net worth.

22. <u>Agreed MIL No. 22</u>: No party will reference or offer any argument, evidence, or suggestion that the Court has the power to dismiss frivolous claims.

23. <u>Agreed MIL No. 23</u>: No party will reference or offer any argument, evidence, or suggestion concerning infringement under the Doctrine of Equivalents.

B.   **Barkan's Motions** *in Limine* **(Dkt. No. 191)**

1. Plaintiff's MIL No. 1: Motion to exclude references to equitable issues, inequitable conduct, deceptive intent, fraud on the patent office, misstatements about claim scope, misleading the patent office, misrepresentations to the patent office, or withholding from the patent office.

This motion *in limine* is **GRANTED**. There shall be no testimony or argument regarding the prosecution history in front of the jury, without prior leave of Court.

2. Plaintiff's MIL No. 2: Motion to exclude evidence regarding the net worth or income of the inventor of the Patents-in-Suit, Dr. Elad Barkan.

This motion *in limine* is **GRANTED-IN-PART** with respect to net worth. The Plaintiff has also disclaimed making any "David v. Goliath" or "corporate giant" arguments.

3. Plaintiff's MIL No. 3: Motion to exclude non-infringement arguments based on preferred embodiments.

This motion *in limine* is **GRANTED**. Defendants shall not compare the Accused Products to embodiments in the specification.

4. Plaintiff's MIL No. 4: Motion to exclude non-infringement arguments based on prosecution history or re-exam history.

This motion *in limine* is **DENIED** as unnecessary because this MIL is covered by the Court's ruling on Plaintiff's MIL No. 1.

5. Plaintiff's MIL No. 5: Motion to exclude relative importance of claim elements.

This motion *in limine* is **GRANTED**.  There shall be no argument that only some of the limitations need be met.

6. Plaintiff's MIL No. 6:  Motion to exclude any reference to the royalty rates in licenses Defendants have admitted are not comparable.

This motion *in limine* is **GRANTED-IN-PART** with respect to financial terms of non-comparable licenses. Specifically, the financial terms of the IP Access agreement (Def. Ex. 107) are excluded.

7. Plaintiff's MIL No. 7: Motion to exclude any evidence related to the Technion's purported ownership interest in the Patents-in-Suit.

This motion *in limine* is **GRANTED**.

8. Plaintiff's MIL No. 8: Motion to exclude Defendants' patents.

This motion *in limine* is **GRANTED-IN-PART** with respect to any argument that ownership of a patent is a defense to infringement.

9. Plaintiff's MIL No. 9: Motion to exclude evidence conflicting with the Court's Claim Construction Order.

This motion *in limine* is **DENIED** as unnecessary.

10. Plaintiff's MIL No. 10: Motion to exclude evidence relating to the marking of CommScope Products.

    This motion *in limine* is **AGREED**. Dkt. No. 201. The parties agree that no party will offer or present any evidence or argument suggesting the existence of unmarked CommScope products and/or that Barkan is not entitled to pre-suit damages, or damages should be limited, for failure to mark CommScope products under 35 U.S.C. § 287.

11. Plaintiff's MIL No. 11: Motion to exclude evidence relating to the marking of Sprint Products.

    This motion *in limine* is **AGREED**. Dkt. No. 201. The parties agree that no party will offer or present any evidence or argument suggesting the existence of unmarked Sprint products and/or that Barkan is not entitled to pre-suit damages, or damages should be limited, for failure to mark Sprint products under 35 U.S.C. § 287.

12. Plaintiff's MIL No. 12: Motion to exclude undisclosed claims or defenses.

    This motion *in limine* is **WITHDRAWN**.

13. Plaintiff's MIL No. 13: Motion to exclude criticisms of the PTO or U.S. patent system.

    This motion *in limine* is **GRANTED** based on the Defendants' representation that any criticisms of the PTO will be limited to those in the Federal Judicial Center's video presented to the jury and any criticisms specific to the present case.

C.   **Defendants' Motion *in Limine* (Dkt. No. 190)**

1. <u>Defendants' MIL No. 1</u>: Motion to exclude argument, evidence, or suggestion by Barkan regarding Barkan's past settlement agreement with CommScope.

This motion *in limine* is **DENIED**.

2. <u>Defendants' MIL No. 2</u>: Motion to exclude argument, evidence, or suggestion regarding Defendants' other patent litigations, e.g., Defendants' status as a patent plaintiff or any positions Defendants have taken in other, unrelated litigations.

This motion *in limine* is **GRANTED**. Plaintiff withdrew its objections.

3. <u>Defendants' MIL No. 3</u>: Motion to exclude argument, evidence, or suggestion that any former Sprint products in T-Mobile's network are licensed to the Asserted Patents.

This motion *in limine* is **GRANTED-IN-PART** with respect to any argument that the CommScope license covers components of T-Mobile's network. This does not prevent mention that Sprint is the other party to the CommScope license.

4. <u>Defendants' MIL No. 4</u>: Motion to exclude argument, evidence, or suggestion regarding non-accused Nokia or T-Mobile products as evidence that an accused product infringes or provides alleged benefits.

This motion *in limine* is **DENIED**.

5. <u>Defendants' MIL No. 5</u>: Motion to exclude argument, evidence, or suggestion that the Asserted Patents are entitled to a priority date earlier than August 12, 1999.

This motion *in limine* is **DENIED**. During the Pre-trial Conference, the parties disputed whether expert testimony was necessary to establish an earlier priority date. The Plaintiff argued that an inventor—*i.e.* a fact witness—can testify about an earlier conception and reduction to practice; whereas, the Defendants' argued that expert testimony is required to demonstrate whether an earlier priority document has sufficient information to satisfy the written description requirement. These are two distinct issues. The Plaintiff is correct that an inventor can testify about an earlier conception and reduction to practice date. *See, e.g.*, *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1078 (Fed. Cir. 2019) (holding that "[u]nder the 'rule of reason' analysis, the evidence in its totality supports the jury's finding that the *inventors' testimony* was sufficiently corroborated.") (emphasis added). The Defendants' also have failed to cite legal authority that supports their proposition. The case Defendants cited during the Pre-Trial Conference—*Wang Laboratories, Inc. v. Toshiba Corp.*, 993 F.2d 858 (Fed. Cir. 1991)—does not clearly support the proposition that expert testimony is needed to demonstrate that an earlier document contains sufficient written description to serve as a priority document. Additionally, neither party disputed that the Plaintiff timely disclosed the documents it contends show an earlier priority date.

6. <u>Defendants' MIL No. 6</u>: Motion to exclude argument, evidence, or suggestion regarding discovery disputes or alleged incomplete financial or technical document productions by Nokia or T-Mobile.

This motion *in limine* is **GRANTED**. A witness can testify that a document was not given to him or her but cannot attribute the production failure to the opposing party.

7. <u>Defendants' MIL No. 7</u>: Motion to exclude argument or suggestion that T-Mobile has ever deactivated an Accused Device for a customer failing to pay their bills.

  This motion *in limine* is **DENIED**.

8. <u>Defendants' MIL No. 8</u>: Motion to exclude argument, evidence, or suggestion that Barkan's Trial Exhibit No. 43, Bates Nos. NAC-BARKAN_00889383–NAC-BARKAN_00889393, accurately describes the functionality of the SMP server.

  This motion *in limine* is **DENIED**.

9. <u>Defendants' MIL No. 9</u>: Motion to exclude argument, evidence, or mention of Barkan's Trial Exhibit No. 155, Bates Nos. NAC-BARKAN_01171921-NAC-BARKAN_01171922, to support Barkan's damages claim.

  This motion *in limine* is **DENIED**.

10. <u>Defendants' MIL No. 10</u>: Motion to exclude argument, evidence, or reference to Mr. Bratic's Unsupported Calculation of TMobile' Cost Savings of $112.7 million.

  This motion *in limine* is **DENIED**.

11. <u>Defendants' MIL No. 11</u>: Motion to exclude argument, evidence, or suggestion regarding prior inter *partes* review proceedings involving the asserted patents other than to reference invalidated claims.

  This motion *in limine* is **GRANTED-IN-PART**. Both sides will not make references to IPR proceedings for any reason without leave. This however does not prevent the use of sworn

testimony from an IPR proceeding to impeach a witness, but if used for impeachment, the parties cannot reference that the sworn testimony was provided in the context of an IPR proceeding.

**SIGNED this 16th day of December, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE